## In re ALGONAC MFG. CO.
### No. 31807.

United States District Court
E. D. Michigan, S. D.

Feb. 16, 1950.

Francis A. Castellucci, Detroit, Mich., for trustee.

Noble T. Lawson, Detroit, Mich., for debtor.

George W. Bixler, Detroit, Mich., for Mr. Maxwell.

LEDERLE, Chief Judge.

### Findings of Fact

1. This corporate reorganization proceeding of Algonac Manufacturing Company, a Michigan corporation, is presently before the court for determination of the applications for allowance of compensation to various parties after entry of an order confirming a plan of reorganization. All parties in interest were notified of hearing on these applications, which hearing was held on February 14, 1950.

2. This proceeding originated with a voluntary petition for reorganization filed by the Debtor corporation on December 2, 1948. The balance sheet for the Debtor as of December 3, 1948, prepared by an auditor appointed by this court, showed assets of $203,505.99, of which $169,073.81 represented property, plant and equipment, and liabilities were shown as $182,135.18, of which $37,800 represented the par value

of 3,780 shares of common capital stock issued and outstanding, solely owned by Mr. John A. Maxwell. The corporation was engaged in the business of manufacturing and selling stamping and metal products. It carried on its operations in buildings owned by it at Algonac, Michigan, employing some 20 persons. On December 3, 1948, an order was entered approving the petition as properly filed under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., and appointing as Trustees Lawrence I. Levi, an attorney of Detroit, Michigan, and John A. Maxwell, president and sole stockholder of the Debtor, authorizing them to carry on the business and directing them to submit a statement of their investigation of the property, liabilities, the financial condition of the Debtor, the operation of its business and the desirability of continuance thereof. These Cotrustees qualified and assumed their duties on the date of their appointment. Upon petition of the Cotrustees, auditors were appointed to examine the books and records of the Debtor. On March 24, 1949, John A. Maxwell resigned as Cotrustee, and Lawrence I. Levi has continued since that date as sole Trustee. For the most part, the legal phases of this proceeding were handled by Trustee Levi, with some assistance from Francis A. Castellucci, who was appointed as attorney for the Trustee on July 1, 1949. Following the resignation of Cotrustee Maxwell, an order was entered authorizing Trustee Levi to employ Mr. Maxwell as Superintendent at a salary of $100.00 weekly, which arrangement has been carried out.

3. During the trusteeship of Lawrence I. Levi, he and his legal associates, acting under his direction and supervision, devoted some 800 hours to the able management of this estate, culminating in a successful plan of reorganization. Mr. Levi is an able attorney with many years' experience in corporation, financing, reorganization and bankruptcy work. He participated in all phases of the management of the estate and in the investigation, negotiation and determination of all claims and controversies and the formulation of a plan of reorganization. His first efforts were directed toward investigation of the Debtor's affairs, followed by successful attempts to provide interim financing to continue the plant in operation, together with a final loan of $85,000.00 from the Reconstruction Finance Corporation, which has made a plan of reorganization possible. The Trustee and the auditor retained by him pursuant to order of this court were successful in obtaining a substantial reduction in Federal income tax liabilities of the Debtor, plus an extension of the time of payment of the greater portion of the agreed tax liability. Through negotiation and formal attack in this proceeding upon various claims and pending litigation against Debtor, the Trustee secured for the estate substantial reductions in such liabilities and the settlement of pending litigation. Under his trusteeship, the Debtor's business has been ably and efficiently managed, its assets conserved, the estate administered, its litigation conducted, and a successful plan of reorganization brought to fruition.

The reasonable value of the Trustee's services rendered in this proceeding is $7,500.00, and his reasonable expenses, properly incurred in this proceeding, amount to $285.02.

4. Mr. John A. Maxwell, sole stockholder of the Debtor, served as Cotrustee with Mr. Levi from the inception of these proceedings until March 24, 1949, subsequent to which date he has been employed by Trustee Levi as Superintendent, for which services he has been paid some $5,000.00 from this estate. He has petitioned this court for an allowance as Cotrustee in the amount of $10,500.00, plus expenses of $1,520.77, for the sixteen weeks during which he served in this capacity. He also specifies that the sum of $1,746.22 was incurred by him for out-of-pocket and traveling expenses since his resignation as Cotrustee. He and the attorney who appeared for him at this hearing, Mr. George W. Bixler, very frankly informed the court that any allowance to him would not be withdrawn from the corporation at this time, but that he desired to have such an allowance made and set up as a liability upon the corporate books to carry out a

plan he has for reducing income tax liabilities. To make the exorbitant allowance requested by Mr. Maxwell, or to make any allowance to him, even though payment is postponed, would merely create an equity out of this estate for him as sole stockholder in addition to the equity created for him by this plan or reorganization, at the expense of creditors. Accordingly, his application will be denied in toto.

■ 5. Francis A. Castellucci has petitioned for the allowance of $500.00 as fees for his services rendered as attorney for the Trustee from July 7, 1949 to date. He devoted some 45 hours to this work, representing and assisting the Trustee at a number of conferences and court hearings, including the contest of certain claims filed against this estate. The services he rendered were necessary to the administration of this estate and aided in the preservation of the assets thereof.

The reasonable value of his services rendered as attorney for the Trustee in this proceeding is $500.00.

■ 6. Noble T. Lawson, as counsel for the Debtor from the inception of these proceedings, has rendered valuable services to this estate. He has been an able practitioner in this district for many years and has had long and varied experience in bankruptcy, reorganization and receivership matters. He has cooperated with and assisted the court appointees in administering the estate, conducting litigation, and the formulation of the plan of reorganization,

which has been confirmed. The petition inaugurating these proceedings was prepared and filed by Mr. Lawson after extensive investigation of the affairs of the Debtor. He attended numerous court hearings and aided in the administration of the estate. He received a retainer of $400.00 from the Debtor corporation. ·

The reasonable value of his services as attorney for the Debtor in this proceeding is $2,500.00, which includes the $400.00 fee previously paid to him.

### Conclusions of Law

1. Having in mind the conservation and preservation of this estate and the interest of creditors and the stockholder therein, the extent and nature of the services of the various applicants for allowances for services and disbursements, the labor, time and trouble involved, the results achieved, the character and importance of the matters, the learning, skill and experience required and exercised, the size of the estate, the responsibility undertaken, the ability of the Debtor to pay, the contingency or absoluteness of fees, and having further in mind that the following applicants have rendered services and properly incurred expenses in this proceeding in the amounts set opposite their respective names, which this court has found to be reasonable, an order will be entered fixing the amounts to be paid to each of the following applicants, respectively, as follows, in accordance with 11 U.S.C.A. §§ 641 and 642, viz.:

| | Compensation | Expenses | Total |
|---|---|---|---|
| Lawrence I. Levi Trustee and Co Trustee | $7,500.00 | $285.02 | $ 7,785.02 |
| Francis A. Castellucci Attorney for Trustee | 500.00 | —— | 500.00 |
| Noble T. Lawson Attorney for Debtor, unpaid balance | 2,100.00 | —— | 2,100.00 |
| TOTAL | | | $10,385.02 |

■ 2. Where, as here, the sole stockholder of Debtor petitions for the allowance of exorbitant fees and expenses for a sixteen-week period of service as Cotrustee to be accrued upon the reorganized Debtor's books for assistance in decreasing income tax liabilities, and the making of any allowance would carve an equity out of the es-

tate for the benefit of such sole stockholder at the expense of creditors, such request should be disallowed in toto.

Order on Application for Allowances

In accordance with the foregoing findings of fact and conclusions of law,

It is hereby ordered that the following petitioners be and they are hereby allowed the amounts for compensation and expenses set opposite their names, respectively:

| | |
|---|---|
| Lawrence I. Levi | $7,785.02 |
| Francis A. Castellucci | 500.00 |
| Noble T. Lawson, unpaid balance | 2,100.00 |

It is further ordered that the application for allowances for compensation and expenses of John A. Maxwell is hereby disallowed.