## In re PEDISICH.

### No. 10962.

United States District Court
N. D. California, N. D.

May 14, 1951.

On July 1, 1947 Louis Hozz and Ettie Hozz, doing business as Petaluma Milling Company, creditors of debtor, filed two State Court actions to enforce certain claims against the debtor. On July 11, 1947 debtor filed a petition for an arrangement under Chapter XII of the Bankruptcy Act, 11 U.S.C.A. § 801 et seq. By stipulation the State Court actions were consolidated and tried before one of the referees in bankruptcy of this Court. After an extended trial the referee ruled in favor of the creditors and a review was taken to this Court. The order of the referee was thereafter affirmed. During the time consumed by those proceedings, the debtor, who remained in possession and operated his business under an order of this Court, was engaged in extensive litigation before the referee in connection with his Chapter XII proceeding. A trustee was never appointed. The greater portion of the litigation was conducted between the attorneys for the foregoing creditors and the several attorneys for the debtor. In addition, certain of the attorneys rendered services in the case of Creedon v. Pedisich in this Court.

Some two and a half years after the arrangement proceedings were commenced, the attorneys for the active creditors and the several attorneys for the debtor filed separate petitions for the allowance of attorneys' fees and reimbursement of their respective costs and expenses advanced in the trial of the mentioned actions, and in the administration of the arrangement proceedings no order and appointment as required by General Order 44 was obtained by the attorneys, or either or any of them.

The referee in due course filed with this Court his "Certificate and Report of Referee Relative to Petitions for Allowance of Attorneys' Fees and Disbursements Made and Also Relative to the Fixing of Court

Costs." In his certificate the referee recommended the allowance to the attorneys for the debtor the sum of $5,000 as attorneys' fees and the reimbursement of costs advanced, the greater portion of which covered expenses arising out of the trial of the consolidated State Court actions. With respect to the application of the attorneys for the active creditors, the referee in his certificate recommended no allowance for their services but did recommend the reimbursement of the costs advanced, which costs embraced all of the expenditures arising out of the trial of the State Court actions before the referee.

Written objections to the referee's recommendation for the allowance of fees, and reimbursement of expenses to debtor's attorneys, were filed by the attorneys for these creditors. After argument before this Court the matter was submitted for decision.

Geary, Spridgen & Moskowitz, Santa Rosa, Cal., Margolis & Sapiro, San Francisco, Cal., for Louis Hozz and Ettie Hozz, creditors.

Gladstein, Andersen, Resner & Sawyer and Ernest J. Torregano, all of San Francisco, Cal., for debtor.

LEMMON, District Judge.

There is before me the "Certificate and Report of Referee Relative to Petitions for Allowance of Attorneys' Fees and Disbursements made and also relative to the Fixing of Court Costs."

The findings of fact embraced within the Certificate and Report beginning on line 2 of page 26 and ending with line 23 on page 34 thereof are approved and are adopted as the findings of fact of this Court except that the Court finds that the services rendered by each and all of the attorneys for the debtor in the actions instituted by Louis Hozz and Ettie Hozz in the Superior Court of the County of Sonoma, State of California, and in the case of Creedon v. Pedisich in this Court were not rendered and the costs incurred by them were not incurred for the benefit of or on behalf of the debtor estate and that said services were rendered and said costs were incurred solely for the personal benefit of said debtor and other parties named with debtor as defendants.

I am unable to agree with the conclusion of the Referee or the recommendation which he has made relative to the allowance of attorneys' fees to the several attorneys who appeared for the debtor in this proceeding and in the proceedings attendant thereto. I am of the opinion that General Order 44 precludes an allowance to any of the attorneys so appearing. The General Orders have the force of law and a showing that services rendered were beneficial to the estate does not permit a disregard of the plain wording of the Order. Gochenour v. Cleveland Terminal Buildings Co., 6 Cir., 142 F.2d 991.

"The order and the rule were passed to control serious abuses and are to be strictly observed; without an order of court upon full presentation of the relation of the proposed attorney with all other interests involved, not only may he not be retained, but he can recover nothing, no matter how beneficial, or how arduous, his services." In re Eureka Upholstering Co., Inc., 2 Cir., 48 F.2d 95.

In the Gochenour case the court stated, "This General Order cannot be by-passed by the creditors or their attorneys acting for the debtor without the consent of the court. Since appellants do not bring themselves within the General Order in question, it is immaterial whether or not their services were beneficial to the subsidiary debtor. They were entitled to nothing here."

This rule is announced in this Circuit in Beecher v. Leavenworth State Bank, 9 Cir., 184 F.2d 498.

Although proscription in General Order 44 does not extend to costs expended by such attorneys for the benefit of the estate and in a proper case such costs may be allowed, I have concluded and I have above found that the costs in the cases mentioned were neither incurred nor expended for the benefit of the debtor estate. It appears that costs and expenses were incurred by said attorneys, or some of them, other than in connection with the cases instituted by Louis Hozz and Ettie Hozz or in connection with the case of Creedon v. Pedisich

and the matter is re-referred to the Referee with directions to the Referee to segregate such costs incurred in the administration of the debtor estate and which were incurred other than those here disallowed and which were for the benefit of the debtor estate.

The Court agrees with the recommendations of the Referee that $800 should be paid to the Clerk of this Court to apply on the account of the Referee's Salary Fund, the sum of $400 to the Clerk of this Court to apply on account of the Referee's Expense Fund, $15 to Frank P. Walsh for fees and expenses as appraiser, and to Carolyn R. Blair $217.70 for stenographic reporting service and $1.06 to the Referee for incidental expenses incurred by him.