411 F.2d 203
 In the Matter of HYDROCARBON CHEMICALS, INC. and Its
Subsidiaries Berkeley Shore Estates, Hyspec Container
Corporation, Burlington Development Company, Inc.,
Hydrocarbon Realty Development Co., Inc., Lanoka Investment
Corp., Lanoke
Harbor Land Company, Inc., All New Jersey Corporations,
Debtors. Leo Neiwirth, Esquire, Appellant in No. 16787,
Samuel S. Starr, Esquire, Meyer Weinberg, Esquire, and Edwin
Fradkin, Esquire, Appellants in No. 16788.
 Nos. 16787, 16788.
 United States Court of Appeals Third Circuit.
 Argued Jan. 19, 1968.
Reargued Nov. 26, 1968.
Decided March 13, 1969.
 
 Max L. Rosenstein, Newark, N.J., for appellant in No. 16787.
 Kenneth R. Stein, Stein & Stein, Newark, N.J., for appellee.
 Janet G. Gamer, Securities and Exchange Commission, Washington, D.C. (David Ferber, Sol., Richard V. Bandler, Associate Regional Administrator, New York Regional Office, Securities and Exchange Commission, on the brief), for Securities and Exchange Commission.
 Michael R. Griffinger, Crummy, Gibbons & O'Neill, Newark, N.J., for appellee-trustee in both cases (Clemence).
 OPINION OF THE COURT
 Before HASTIE, Chief Judge, and KALODNER, GANEY, FREEDMAN, SEITZ, VAN DUSEN, ALDISERT and STAHL, Circuit Judges.
 GANEY, Circuit Judge.
 
 
 1
 The appellants here are claiming compensation for services allegedly beneficial to the bankrupt estate rendered as attorneys for the debtor. Robert Friedlander who, for reasons not relevant here, was denied all compensation in connection with the proceedings, filed a petition under Chapter XI and, as counsel for the debtor, employed Leo Neiwirth, Samuel S. Starr, Meyer Weinberg and Edwin Fradkin as his counsel in connection therewith. At the inception of the proceedings under Chapter XI, Harry A. Margolis was appointed receiver on the 10th day of July, 1963, and filed a bond in the sum of $100,000. Paragraph 8 of the order provides: 'Said Receiver be and he is hereby authorized to operate the businesses and manage the property of said Debtors until the further order of the Court.' Paragraph 9 thereof provides: 'That without in any way limiting the generality of the foregoing, said Receiver shall have full power and authority under the further order of this Court * * * (g) * * * to do such other acts in the continuance of the business and preservation of same as he shall deem for the best interests of this estate and its creditors.'
 
 
 2
 On the same day, July 10, 1963, the court empowered the receiver to retain the firm of Kleinberg, Moroney & Masterson as his attorneys. In the petition for their appointment, dated July 10, 1963, it was represented by the receiver, paragraph 3, 'That he has selected the aforesaid firm of Kleinberg, Moroney & Masterson because said attorneys are known to him to be experienced and thoroughly competent to perform their duties as attorneys to your petitioner in the administration of the estate of the above named Debtors.' In a petition dated July 19, 1963, in paragraph 3 thereof, 'Said firm of Kleinberg, Moroney & Masterson did thereupon enter upon the performance of their duties as attorneys for your petitioner, but your petitioner subsequently ascertained that the intricacies and complexities of the corporate structures and the affairs and transactions of the Debtors require that your petitioner be authorized to retain the services of an additional attorney so that he will have the benefit of Co-Attorneys in the within proceeding.'
 
 
 3
 In paragraph 5, the petitioner stated, 'That he has selected the aforesaid firms of Kleinberg, Moroney & Masterson and Crummy, Gibbons & O'Neill because said attorneys are known to him to be experienced and thoroughly competent to perform their duties as Attorneys to your petitioner in the administration of the estate of the above named Debtors.' This order appointing additional counsel was entered on the 19th day of July, 1963.
 
 
 4
 On the 19th day of July, 1963, the receiver presented a petition to the court to appoint an accountant 'to conduct certain audits and investigations in connection with the business of the debtor corporations, their books and records.' and on that date, Pogash & Co. was appointed as accountant to assist in the preparation of their work. At no time during the Chapter XI proceeding did any of the appellants employed by counsel for the debtor, Robert Friedlander, receive the approval of the court even though, as has been indicated, the receiver had retained two firms as co-counsel for the receiver, as well as an accountant to aid in the proceedings.
 
 
 5
 After some five months of futile attempts to reorganize the situation under Chapter XI, all proceedings thereunder were abandoned and a petition to proceed solely under Chapter X was filed. The services which had been performed by the appellants, counsel to the counsel for the debtor, were in good part used in the Chapter X proceeding, although a trustee and counsel were likewise appointed under the Chapter X proceeding.
 
 
 6
 We would deny compensation on the ground alone that there is no provision in the Bankruptcy Act for paying more than one fee to counsel for the debtor, nor is there any provision in the Act for employment of other counsel for the counsel for the debtor unless he compensates them himself. Here, there was no necessity whatsoever for counsel for the debtor employing counsel without the approval of the court when he was not a debtor in possession and there was a receiver who, as has been indicated, employed as co-counsel two reputable firms of lawyers, as well as an accountant, and later a trustee was appointed with counsel, since the work performed by the counsel to the counsel for the debtor in connection with the proceedings was the work properly of counsel for such receiver and such trustee. The work of eliminating the tax lien here was clearly the work of the counsel for the receiver and his counsel under Chapter XI, as well as the work of the trustee and his counsel, since it was in aid of the proper administration of the estate, looking to its preservation and clearly within the powers of the receiver and trustee under the orders of the court.
 
 
 7
 Furthermore, counsel for the counsel for the debtor never secured court approval for their services allegedly beneficial to the estate in the Chapter X proceeding and at the close thereof, Starr, Weinberg and Fradkin, the appellants, presented their bill to the counsel for the debtor and upon not being paid then presented their bill to the court for their services rendered. It seems that the appellants here were under the impression that they were to be paid by the counsel for the debtor since he presented a bill for $125,000 for his services and a scrutiny of the record shows that a far greater portion of the services performed were done by the appellants than by counsel for the debtor. In effect, during the Chapter X proceedings, the services which had been performed under the Chapter XI proceedings and were used in the Chapter X proceedings by the appellants rendered them at least de facto counsel for the trustee and as such they were acting without the approval of the court, which is required under a Chapter X proceedings. This is most essential in order that the court may know the type of individual who is engaged in the proceeding, their integrity their experience in connection with work of this type, as well as their competency concerning the same. In so doing, they were, in effect, operating under General Order 44 in Bankruptcy.[1] It is well-settled that unless counsel have been approved by the court, though their services were of value to the court in a Chapter X proceeding, they must be denied compensation. This Court, speaking through Judge Maris, in In re National Tool & Mfg. Co., 209 F.2d 256, 257, stated as follows: 'It is clear that General Order 44 applies to reorganization proceedings under Chapter X of the Bankruptcy Act. It is equally clear that Mr. Mode was not appointed as an attorney for the trustees of the debtor in the manner required by General Order 44. It is settled that under these circumstances an attorney may not be compensated out of the debtor's estate even though he may have rendered valuable services to the trustees. It follows that the district court was without authority to make the order appealed from.' In In re Progress Lektro Shave Corp., 2 Cir., 117 F.2d 602, the court stated, in denying compensation to counsel: 'There is no question but that the appellant acted throughout in good faith and a denial to him of compensation is a harsh conclusion. However, the law is unquestionably settled that the order of the district court was correct.' Gochenour v. Cleveland Terminals Building Co., 6 Cir., 142 F.2d 991, 993, cert. denied 323 U.S. 767, 65 S.Ct. 120, 89 L.Ed. 614; Albers v. Dickinson, 8 Cir., 127 F.2d 957; Beecher v. Leavenworth State Bank, 9 Cir., 184 F.2d 498; In re Pedisich, D.C., 103 F.Supp. 199; In re Robertson, 4 F.2d 248 (3rd Cir.).
 
 
 8
 That the gaining of the necessary approval of the court was a requisite, there can be no doubt, since the final sentence of Section 328 of the Bankruptcy Act, 11 U.S.C., states: 'Upon the filing of such amended petition, or of such creditors' petition, and the payment of such additional fees as may be required to comply with section 132 of this Act, such amended petition or creditors' petition shall thereafter, for all purposes of Chapter X of this Act, be deemed to have been originally filed under this chapter.' It is obvious that the language of this section is explicit, plain and unambiguous and the appellants, experienced attorneys, as attorneys for the debtor, knowing that the matter was in a Chapter X proceeding, should have in this proceeding likewise sought the approval of the court for the services which were to be utilized as the basis for the plan to be approved under Chapter X since their fees were to come out of the fund realized under the Chapter X proceeding.
 
 
 9
 It cannot be stressed too strongly here that, while the result reached is, as has been indicated above, 'a harsh conclusion', nevertheless, counsel who have performed services, especially under Chapter X of this proceeding, should seek the approval of the court for otherwise, as counsel for the debtor, the court has no control whatsoever over them and it is imperative that their competency, experience and integrity therefor have the approbation of the court. Cf. United States v. Larchwood Gardens, 1968, 3rd Cir., 404 F.2d 1108.
 
 
 10
 The judgment of the lower court will be affirmed.
 
 
 11
 Judge VAN DUSEN concurs in the foregoing opinion.
 
 
 12
 FREEDMAN, Circuit Judge (concurring).
 
 
 13
 I join in the affirmance of the judgment of the district court.
 
 
 14
 At the rehearing before us it was agreed that the services rendered by appellants consisted of the settlement of claims of creditors and the removal of the government's jeopardy assessment. These were clearly among the duties of the receiver which should have been performed by him and his attorneys.
 
 
 15
 The allowance of fees to counsel for the debtor in such circumstances would subvert the prophylactic purpose of General Order 44. A debtor out of possession usually has an attorney, but in my view the receiver and his attorney may not by abdicating their function open the door to its performance by the debtor's attorney whose appointment was not approved by the court. If the benefit to the estate is made the decisive test, it will inevitably encourage the receiver and his court-approved attorney to slacken in their duty, knowing that someone else will perform it for them.
 
 
 16
 I believe that the relevant portions of the Bankruptcy Act and the policy underlying General Order 44, which are discussed in the comprehensive opinion of Judge Ganey, forbid compensation to an attorney for a debtor out of possession where a receiver and his court-approved counsel have had conferred upon them the full authority to perform those services, even though they permit them to be performed instead by the attorney for the debtor.
 
 
 17
 I therefore join in the affirmance of the judgment of the district court holding that it had no power to award compensation to the debtor's attorneys even though their services benefited the estate.
 
 
 18
 SEITZ, Circuit Judge (concurring).
 
 
 19
 I would affirm the judgment of the district court but based on a different approach.
 
 
 20
 The order appointing the receiver in the Chapter XI proceedings vested him with possession of the assets and full administrative power. Indeed, it explicitly provided that he was not to be a 'mere Custodian'. See 48(a)(2) of the Bankruptcy Act (11 U.S.C.A. 76(a)(2); see also 2(a)(3) of the Act (11 U.S.C.A. 11(a)(3)). Subsequent orders of the referee appointed two sets of attorneys to represent the receiver generally. Accountants were also appointed by order of the referee.
 
 
 21
 The effect of these orders was not only to give to the receiver full control of the operation and administration of the debtor corporation under Chapter XI but also to provide him with the necessary legal and accounting assistance to discharge his duties. These duties would certainly include examining and settling creditors' claims and negotiating the removal of the government's jeopardy assessment, which were the services allegedly performed by these appellants. Thus, the appellants necessarily performed the alleged services for the benefit of the receivership estate and not for the debtor out of possession. General Order 44 requires, inter alia, court appointment of attorneys who do work for the receiver. The employment of appellants was admittedly not authorized by the court. Therefore, appellants were not entitled to be compensated from the estate for failure to comply with General Order 44.
 
 
 22
 I recognize that the result is harsh, but necessary if the strong policy considerations underlying the requirement of strict compliance with General Order 44 are to be implemented. A similar result in a Chapter X context, for failure to comply with the order was reached by this court in In re Nat'l Tool & Mfg. Co., 209 F.2d 256 (1954). The rationale of that case seems equally applicable in a Chapter XI context under the circumstances of this case.
 
 
 23
 I find it unnecessary to consider the correctness of the position advanced by the S.E.C. that where the powers of the Receiver are vague, the attorney for a debtor out of possession may be compensated for non-duplicative work done in the undefined area. I say this because a reading of the referee's orders makes it clear that rather than being vague the receiver's powers fully encompassed the area of service for which appellants seek compensation.
 
 
 24
 Judge VAN DUSEN concurs in the foregoing opinion.
 
 
 25
 HASTIE, Chief Judge, with whom ALDISERT and STAHL, Circuit Judges, join, dissenting.
 
 
 26
 In controversy here are applications for compensation made in a reorganization proceeding under Chapter X of the Bankruptcy Act for services rendered by attorneys during a preceding Chapter XI proceeding. The economic benefit of the services is said to have been realized by the bankrupt estate in the Chapter X reorganization, but the district court concluded as a matter of law that it lacked authority to allow the requested compensation. Thus the question now presented is not whether in the exercise of equitable discretion the court should or probably would have awarded compensation but merely whether it had power to do so.
 
 
 27
 In the Chapter XI proceeding the court had appointed a receiver who, with the court's approval, had retained attorneys. Thereafter, the claimants were retained by the debtor's attorney to render special legal services designed to facilitate the proposed arrangement. Pending discussion of the point later in this opinion, it will be assumed that for purposes of compensation the claimants became and should be treated as attorneys for the debtor.
 
 
 28
 It is the position of a majority of this court that the fact that the employment of the claimants was not authorized by the bankruptcy court made it unlawful for that court to award them any compensation out of the debtor's estate. With that conclusion I disagree.
 
 
 29
 Undergirding the majority position is the provision of General Order 44 in Bankruptcy, admittedly applicable to Chapter X, that 'no attorney for a receiver, trustee or debtor in possession shall be appointed except upon the order of the court.' But on its face this provision does not cover an attorney for a debtor who is not in possession. See 8 COLLIER, BANKRUPTCY, 14th ed. 1966, 716. And there is no valid reason that it should. General Order 44 is designed to enable a bankruptcy court to prevent court officers who are administering an insolvent estate from burdening the estate with compensation of unneeded professional personnel. See Widett v. D'Andria, 1st Cir. 1957, 241 F.2d 680, 682. This control is needed because an attorney for a trustee, receiver or debtor in possession is entitled to reasonable compensation for work he is authorized to perform in due course of the administration of the estate, even though the estate has not been enriched by his services.
 
 
 30
 In contrast, a debtor not in possession does not function as an officer of the court, and neither does his attorney. The court is not concerned with and has no authority over the debtor's appointment of counsel as in his view his situation may require. At the same time the work of such counsel may materially benefit the estate and to that extent only may be and, on proper petition, normally is compensated from the estate. In re Prudence Co., 2d Cir. 1938, 96 F.2d 157; Vermilion Bay Land Co. v. Fitzgerald, 6th Cir. 1946, 157 F.2d 640; Greensfelder v. St. Louis Public Service Co., 8th Cir. 1940, 114 F.2d 53, cert. denied sub nom. Stein v. St. Louis Public Service Co., 311 U.S. 714, 61 S.Ct. 396, 85 L.Ed. 464; In re Ritz Carlton Restaurant & Hotel Co., D.N.J.1945, 60 F.Supp. 861; see In re McGann Mfg. Co., 3d Cir. 1951, 188 F.2d 110, 112. Indeed, for Chapter X proceedings section 241 of the Bankruptcy Act, 11 U.S.C. 641, expressly authorizes compensation for attorneys for debtors. And though Chapter XI itself contains no comparable provision, the general provisions of section 62, 11 U.S.C. 102, apply and authorize the compensation of a debtor's attorney in a Chapter XI arrangement. Application of Pinetree Associates, E.D.N.Y.1948, 77 F.Supp. 270.
 
 
 31
 None of the cases cited above, and none that research has discovered, even suggests that court approval of the appointment of the debtor's counsel is prerequisite to judicial approval of compensation measured by the value of the attorney's services to the estate. Indeed, in some cases compensation includes the value to the estate of services rendered by the attorney for the debtor even before the court acquired jurisdiction through the filing of a Chapter X or Chapter XI proceeding. In re Prudence Co., supra; Stein v. Hemker, 8th Cir. 1946, 157 F.2d 740.
 
 
 32
 The foregoing considerations lead to the conclusion that a bankruptcy court in a Chapter X reorganization has ample power to compensate a debtor's attorney, who has been retained and has served without judicial authorization, for services rendered in connection with a preceding Chapter XI proceeding with value redounding to the estate in the Chapter X reorganization.
 
 
 33
 Heretofore, it has merely been assumed that legal power to compensate the attorney for the debtor includes power to pay for services actually rendered by attorneys retained in the debtor's interest by the attorney for the debtor. Since the determinant of power to compensate the debtor's attorney is the value of services to the estate, it would be technicality without justifying purpose to deny such power with reference to similarly valuable work performed by assisting counsel. Moreover, in this case any technical requirement seems to be satisfied and any danger of duplicating claims minimized by the filing of the claims of the appellants through the attorney for the debtor and in conjunction with his own claim. The one case that has been found in which a court considered such a situation resulted in the allowance of compensation for the assisting attorney in the present appellant's position. Application of Pinetree Associates, supra.
 
 
 34
 It remains to consider the contention advanced in the concurring opinion that the receiver's authority was broad enough so that he, through his own court approved attorney, might have rendered the services which the present claimants performed at the behest of the debtor. Therefore, it is argued, the present claimants should be treated as intermeddling volunteers, denied any judicial award of compensation out of the debtor's estate, and thus discouraged from exercising such initiative as this case disclosed.
 
 
 35
 I disagree with this reasoning because I think it does not sufficiently take into account significant differences between an ordinary bankruptcy, administered by a court-appointed trustee, and a debtor proposed Chapter XI arrangement in which a receiver has been appointed.
 
 
 36
 When ordinary bankruptcy is decreed, the bankrupt's estate is irretrievably lost to him and all that remains to be done is the disposal and distribution of his assets for the benefit of creditors. He has no responsibility for and no active role in this essentially judicial function. But in a Chapter XI arrangement petition an embarrassed debtor is asking the court's assistance in his efforts so to rearrange his affairs that he will salvage some significant part of his estate while making acceptable provision for his creditors. Even though custody of the debtor's assets and the management of his business may temporarily be entrusted to a receiver during the pendency of the arrangement proceeding, the debtor's continuing activity and initiative are contemplated and required if the arrangement he has proposed is to succeed. Ordinarily, he participates actively in making his proposals workable and acceptable to creditors. Indeed, negotiations with creditors are not likely to succeed without his initiative and active participation. If the plan must be revised, it is his responsibility to do so. If new financing must be obtained, he usually must seek it. If particular impediments to creditor acceptance can be removed or surmounted, he may properly try to accomplish this result.
 
 
 37
 Much of a debtor's activity in shaping and reshaping a plan and in removing impediments to its acceptance by creditors is lawyer's work properly entrusted to the debtor's attorney. This case presents a good example. A jeopardy tax assessment in the amount of $1,250,000.00 had been levied by the United States against the debtor. Believing that this assessment was not justified, the attorney for the debtor retained a firm of tax law experts, one of the present claimants, to attempt to remove this obviously serious impediment to any acceptable arrangement. This effort was notably successful, resulting in a removal of the jeopardy assessment and a reduction of the government's tax claim to $37,026.10.
 
 
 38
 The other attorney who is an appellant here, also acting pursuant to employment by the debtor's attorney, claims to have succeeded in reducing or eliminating some 600 claims against the debtor. Again, such improvement of the debtor's financial situation was an appropriate way of aiding the debtor's effort to accomplish an arrangement acceptable to creditors.
 
 
 39
 It is recognized that, while the debtor had a vital interest in thus facilitating his proposed arrangement, the elimination of claims is also a legitimate concern to the receiver in his temporary management and administration of the estate pending arrangement. We do not know why the receiver took no initiative in these matters in this case. We do know that the debtor was properly concerned to eliminate or reduce claims, the existence of which necessarily made an arrangement more difficult. On the present record, it cannot properly be decided that the debtor was an intermeddler in his successful initiative exercised through the present lawyer claimants. On an examination of all of the relevant circumstances, the district court might well conclude that the debtor's action was proper and of such value to the estate that the attorneys who did the work should be compensated out of the estate. It is also possible that there were circumstances which would justify a contrary result. But, in my view, that determination should be made by the district court in the exercise of equitable power and discretion.
 
 
 40
 Finally, the concurring opinion takes the position that this case is like In re National Tool & Mfg. Co., 3d Cir. 1954, 209 F.2d 256. But in that case compensation was sought by a Chapter X trustee's attorney whose appointment had not been approved by the court. That appointment violated the express mandate of General Order 44. It has been explained earlier in this opinion that General Order 44 does not cover the attorney for the debtor not in possession and that the court should not extend the requirement of court approval beyond the Order's terms to the appointment of the debtor's attorney.
 
 
 41
 For these reasons I would vacate the order of the district court and remand the cause with instructions to consider and adjudicate the appellants' claims on their merits.
 
 
 
 [1]
 General Order 44 in Bankruptcy reads as follows:
 APPOINTMENT OF ATTORNEYS
 No attorney for a receiver, trustee or debtor in possession shall be appointed except upon the order of the court, which shall be granted only upon the verified petition of the receiver, trustee or debtor in possession, stating the name of the counsel whom he wishes to employ, the reasons for his selection, the professional services he is to render, the necessity for employing counsel at all, and to the best of the petitioner's knowledge all of the attorney's connections with the bankrupt or debtor, the creditors or any other party in interest, and their respective attorneys. If satisfied that the attorney represents no interest adverse to the receiver, the trustee, or the estate in the matters upon which he is to be engaged, and that his employment would be to the best interests of the estate, the court may authorize his employment, and such employment shall be for specific purposes unless the court is satisfied that the case is one justifying a general retainer. If without disclosure any attorney acting for a receiver or trustee or debtor in possession shall have represented any interest adverse to the receiver, trustee, creditors or stockholders in any matter upon which he is employed for such receiver, trustee, or debtor in possession, the court may deny the allowance of any fee to such attorney, or the reimbursement of his expenses, or both, and may also deny any allowance to the receiver or trustee if it shall appear that he failed to make diligent inquiry into the connections of said attorney.
 Nothing herein contained shall prevent the judge, in proceedings under section 77 of the Act, from authorizing the employment of attorneys who are attorneys of the corporation, or associated with its legal department, in connection with the operation of the business of the corporation by a trustee or trustees under subsection (c) of section 77, when such employment is found by the judge to be in the public interest in relation to such operation and is not adverse to the interests of the trustee or trustees or of the creditors of the corporation.