In re **FLYING W AIRWAYS, INC.** and its wholly-owned subsidiary, **Red Dodge Aviation, Inc.,** Debtors.

In Proceedings for Reorganization of a corporation under Chapter X of the Bankruptcy Act.

No. 70–589.

United States District Court,
E. D. Pennsylvania.

Sept. 27, 1971.

See also D.C., 328 F.Supp. 1256.

Neil Epstein, William Ewing, Philadelphia, Pa., for debtors.

Lewis Gold, Philadelphia, Pa., for trustee.

Raymond Midgett, Philadelphia, Pa., for Banks.

L. Carter Anderson, Philadelphia, Pa., for P.S.L.

## OPINION AND ORDER

EDWARD R. BECKER, District Judge.

We have before us a petition in a chapter X reorganization proceeding for appointment of counsel for a debtor out of possession. The chapter proceeding is in progress. The petition has been opposed by the secured creditors. It is important to note that we do not have before us a petition for *compensation* for debtors' counsel (any such petition would be premature); nor do we know whether such a petition will ever be filed. The attorneys whose appointment is sought were the ones who filed the chapter proceeding, and they have actually represented the debtor throughout it (without objection by any party in interest).

The petition for appointment of counsel has admittedly been presented out of concern that the decision of the Court of Appeals for the Third Circuit in the case of In re Hydrocarbon Chemicals Inc., 411 F.2d 203 (1969), will foreclose any application for payment of fee to

debtors' counsel out of the estate, should such ultimately be sought, unless counsel's appointment is first approved by the Court. There is a dearth of authority on the subject of formal appointment of counsel for debtors out of possession in chapter X proceedings. Our investigation has indicated that it is not the practice, at least in this District, to appoint counsel for the debtor, and apparently the subject has never before created a problem.

The Bankruptcy Act provides that a debtor in reorganization under chapter X has the right to be heard on all questions arising in the proceedings.[1] The act also provides that counsel for the debtor in or out of possession may be compensated for services which benefit the estate.[2] However, we can find no express authority in the Act for the appointment of counsel for the debtor.[3] Neither does General Order 44 applicable in chapter X proceedings, authorize appointment.[4] That Order, which sets out the procedure which must be adhered to when making application to the Court for appointment, provides, inter alia, that: "No attorney for a receiver, trustee or debtor in possession shall be appointed except upon the order of the court * * *." (emphasis supplied). Since, by its terms, General Order 44 does not apply to appointment of counsel for the debtor *not in possession,* as the case is here, under the doctrine of expressio unius, it might be argued that it precludes appointment.

Despite the absence of express authority in the Act or authority in General Order 44, it is possible to construe the *Hydrocarbon* opinion as inferring authority for the Court to appoint counsel for a debtor out of possession in chapter X proceedings, since the *Hydrocarbon* court held that the attorneys for counsel for the debtor were not entitled to compensation because their appointment had not formally been approved.[5] With the exception of *Hydrocarbon* and the two Second Circuit cases cited below, we have found no case dealing directly or indirectly with the subject, and accordingly, resolution of the matter before us requires a construction of the *Hydrocarbon* decision. Such construction is not without some difficulty in view of the fact that, of the eight judges participating in the decision, three judges dissented, there were two concurring opinions in which a total of three judges joined, and the concurring opinions approached

1. Section 206 of the Act, 11 U.S.C. § 606.

2. Section 241 of the Act, 11 U.S.C. § 641, provides:
   "The judge may allow reimbursement for proper costs and expenses incurred by the petitioning creditors and reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in a proceeding under this chapter * * *.
   (4) by the attorney for the debtor * * *."
   See, *e. g.,* In re Algonac Mfg. Inc., 88 F. Supp. 832 (E.D.Mich.1950), and In re Polycast Corp., 289 F.Supp. 712 (D. Conn.1968), for situations in which courts have awarded compensation to debtor's counsel for services performed which benefited the estate. There is no indication in either case that the question of appointment for debtor's counsel was ever raised or considered.

3. There is, of course, express authority to appoint counsel for the trustees. See § 157 of the Act, 11 U.S.C. § 557.

4. 28 U.S.C. § 2075 provides, in part, that:
   "The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure under the Bankruptcy Act.
   Such rules shall not abridge, enlarge, or modify any substantive right."
   General Order 44 is one such rule. As with the other General Orders, courts have consistently held that they have the force and effect of law and are binding upon courts of bankruptcy generally and upon referees and trustees. They are, however, merely to aid in the execution of the Act. See 2 Collier's, Bankruptcy paras. 30.01–30.04 (14th Ed. 1971).

5. We do not perceive that *Hydrocarbon* would have been decided differently had it dealt with counsel for the debtor instead of attorneys for counsel for the debtor.

the matter with different emphasis from the majority, which also consisted of three judges, one of whom had also joined in one of the concurring opinions.

The facts of *Hydrocarbon* are as follows:

Counsel for the debtor had originally filed a petition under chapter XI and retained appellants as counsel to assist him in the course of the proceedings. The court appointed a receiver who was authorized to operate the business of the debtor. The receiver was empowered to retain counsel, and did. Shortly thereafter, the receiver, because of the complexity of the proceedings, sought and obtained the court's permission to retain additional counsel, as well as an accountant. After five months, the chapter XI proceedings were abandoned and a petition was filed under chapter X in which a trustee and counsel were appointed. At no time during these events did appellants, attorneys for the counsel for the debtor, whose services were useful in both the chapter XI and X proceedings, particularly with respect to elimination of a federal tax lien, seek or obtain court approval of this appointment. Appellants submitted their bill to the court when counsel for the debtor failed to pay them.[6]

Affirming the district court, which had denied compensation to appellants, the majority found that the services performed by the appellants were properly the function of the receiver and trustee and their counsel, since elimination of the federal tax lien was in aid of the proper administration of the estate. The majority characterized appellants as "at least de facto counsel for the trustee". Judge Ganey, speaking for the majority, with Judges Van Dusen and Kalodner concurring, stated:

"In so doing, they were, in effect, operating under General Order 44 in Bankruptcy. *It is well-settled that unless counsel have been approved by the court, though their services were of value to the court in a Chapter X proceeding, they must be denied compensation. \* \* \*" Id.* 411 F.2d at 205–206 (emphasis added).

Admitting the harshness of the result,[7] the majority nonetheless concluded that, as a matter of law, appellants should have sought the approval of the court, for otherwise, "The court has no control whatsoever over them and it is imperative that their competency, experience and integrity therefor have the approbation of the court." *Id.* at 206.

Eschewing the somewhat broad scope of the language used by the majority in the two quotations just recited, Judge Freedman, in a concurring opinion, viewed the matter more narrowly:

"I believe that the relevant portions of the Bankruptcy Act and the policy underlying General Order 44, which are discussed in the comprehensive opinion of Judge Ganey, forbid compensation to an attorney for a debtor out of possession where a receiver and his court-approved counsel have had conferred upon them the full authority to perform those services, even though they permit them to be performed instead by the attorney for the debtor." *Id.* at 207.

The separate concurring opinion, per Judge Seitz, joined by Judge Van Dusen, also placed emphasis upon the fact that the receiver was not a mere custodian, but had been vested with the assets of the estate and possessed full control and administration of the corporation, which included necessary legal assistance. Even though the services performed by the appellants were for the benefit of the receivership estate, and not for the debtor out of possession, these concur-

6. The opinion indicates that the counsel for the debtor, who filed the chapter XI petition, "for reasons not relevant here" was denied all compensation.

7. Counsel for the debtor presented a claim for $125,000 for professional services. The record, however, showed that a far greater portion of services performed were done by appellants than by counsel for the debtor.

ring judges held that appellants were not, without court approval, entitled to compensation.

The dissenting opinion, written by Judge Hastie and joined in by Judges Aldisert and Stahl, rejected the majority contention that because appellant's employment was not authorized, it was unlawful to award compensation by pointing out that: (1) the Act expressly provides for compensation of debtor's counsel; and (2) General Order 44, which does require court authorization, does not, on its face, cover counsel for a debtor not in possession. The dissenters stated the law to be that:

> "a debtor not in possession does not function as an officer of the court, and neither does his attorney. The court is not concerned with and has no authority over the debtor's appointment of counsel as in his view his situation may require. At the same time the work of such counsel may materially benefit the estate and to that extent only may be and, on proper petition, normally is compensated from the estate. * * *" *Id.* at 208.

While there is, as we have pointed out, some rather broad language in the majority opinion, we believe that *Hydrocarbon* must be construed on the basis of its essential facts and limited to those facts. In view of its facts, our reading of *Hydrocarbon* is that it holds no more than that, where debtor's counsel is ac-

tually performing the work of trustee's counsel, he must receive court approval before being entitled to receive compensation. While we believe that counsel so appointed or approved[8] might be dubbed counsel for the debtor, such approval might also be under the nomenclature of appointment as special counsel to the trustees. This latter procedure was followed by Judge John B. Hannum of this Court in In re Dolly Madison Industries, Inc., 326 F.Supp. 441 (E.D.Pa.), a chapter X proceeding.[9]

While the question is not before us here, we must complete our reading of *Hydrocarbon* by adverting to the question of compensation, as opposed to appointment. Where the services being performed by debtor's counsel benefit the estate, but are not those which are properly the task of trustee's counsel, we do not believe that *Hydrocarbon* forecloses payment of compensation;[10] a fortiori, we do not read *Hydrocarbon* to authorize appointment of counsel for a debtor out of possession in such more conventional instance, as opposed to the relatively rare instance where debtor's counsel is acting as de facto counsel for the trustee and *Hydrocarbon* requires appointment as a prerequisite to compensation.

There are two Second Circuit chapter X cases which accord with our reading of *Hydrocarbon*. In the case of In re Porto Rican American Tobacco Co., 117

---

8. We see no difference between "approving" and "appointing" counsel.

9. The trustee for Dolly Madison, joined by counsel to the trustee, petitioned the court seeking the appointment of debtor's counsel as special counsel to assist the trustee's counsel for certain purposes. The petition averred that the administration of the estate, would be facilitated by such appointment because of debtor's counsel's considerable familiarity with the affairs of the debtor acquired by prior representation. The assistance was sought for the prosecution or defense of certain claims relating to factual situations predating the chapter X proceeding as to which debtor's counsel had special knowledge, the handling of pending or executory contracts, state and local taxes, labor relations and

employee benefit plans. Judge Hannum entered an order authorizing such appointment, finding that it would result in a saving to the debtor's estate.

10. The purpose of any bankruptcy proceeding is to maximize the estate for the benefit of creditors and real parties in interest. Therefore, courts will generally condition compensation to debtor's counsel for services performed which manifestly benefit the estate and are not properly the task of trustee's counsel on the theory, as it is restated in *Hydrocarbon*, that (1) the trustee's counsel are clearly officers of the court and presumably will fulfill their duties; and (2) the court ought to minimize the burden on the estate by limiting the assessment of fee upon fee on the bankrupt estate.

F.2d 599 (2nd Cir.1941), counsel for the debtor filed a claim for compensation for a variety of services performed, including the preparation and filing of the chapter X petition and a later unsuccessful appeal, along with the stockholders' committees, from the order of confirmation of the reorganization plan. The court awarded compensation for the preparation and filing of the debtor's petition, but refused compensation for those services which, even though they benefited the estate, should have been performed by the trustee's attorneys as part of the administration of the estate, or which duplicated the services of other parties. In In re Progress Lektro Shave Corp., 117 F.2d 602 (2nd Cir.1941), appellant counsel for the debtor filed a petition in bankruptcy. A trustee was appointed but no counsel for trustee. Thereafter, debtor's counsel successfully compromised a United States tax assessment and also contested motions to dismiss the reorganization petition. Counsel for the debtor sought compensation for these services but the district court only permitted compensation for services relating to the preparation and filing of the petition. The court of appeals affirmed that decision because the bulk of appellant's services were of a character ordinarily rendered by counsel for the trustee and debtor's counsel neither was eligible for appointment nor had been appointed under General Order 44.

Citing to In re Porto Rican American Tobacco Co., *supra*, the court stated:

"Nor can compensation be allowed on the ground that the services were rendered in the capacity of attorney for the debtor and resulted in benefit to the estate. A trustee having been appointed it was his duty to administer the estate and recovery can not be had by others unless the trustee refuses to act and formal authorization is procured from the court to proceed in his stead." *Id.* 117 F.2d at 604.

The case was then remanded to the referee to make adjustment for those services rendered in contesting the motions to dismiss the petition.

■ In neither of these Second Circuit cases does it appear that counsel for the debtor sought court approval; nor do they suggest that counsel for the debtor should *ordinarily* seek court approval. The two cases, along with *Hydrocarbon*, thus energize and in fact compel our holding, which is that the Bankruptcy Act does not confer power upon the Court to formally appoint counsel for a debtor out of possession in a chapter X proceeding, except in the instance where counsel, for good cause and with the court's acquiescence, is acting as de facto counsel for the trustee.

■ In the instant case, counsel for the trustees has taken an active role in every aspect of the matter, and particularly in the litigation instituted by creditors who seek to abort the reorganization proceedings.[11] There is no contention that the trustees' authority is in any way limited. While debtors have not concurred with trustees' position on all matters,[12] they have not averred any particular in which their counsel's services will benefit the estate because the trustees have not acted to protect it. This not being a case where counsel for the debtors are acting as de facto counsel for the trustees, in view of the state of the law as we have found it, the debtors' petition for appointment of counsel will be denied.[13]

And now, this 27th day of September 1971, it is ordered that the debtors' Petition for Appointment of Counsel be and the same hereby is denied.

---

11. The question adjudicated here arose during the course of a plenary hearing held pursuant to the mandate of the Court of Appeals for the Third Circuit. In re Flying W. Airways, Inc., Debtor, 442 F.2d 320 (1971).

12. E. g., when trustees petitioned the court for permission to sell the debtors' real estate at Medford, N.J., counsel for the debtors opposed the terms of the sale.

13. In view of our holding it is not necessary to deal with the allegation of conflict of interest of debtors' counsel, raised in the answer to the petition for appointment.