**In re George R. MALLAMACI and Alice L. Mallamaci, t/d/b/a George's Mini Mart, George's Mini Market, George's, George's Market, George's Cozy Corner Family Restaurant, George's Old Fashion Ice Cream, and George's Coffee Shop, Debtors.**

**Bankruptcy No. 5–91–01106.**

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

March 23, 1993.

Gino L. Andreuzzi, Hazleton, PA, for movant.

Joseph Murray, Stroudsburg, PA, for debtors.

### *OPINION AND ORDER*

JOHN J. THOMAS, Bankruptcy Judge.

On July 15, 1991, the Debtors, George R. Mallamaci and Alice L. Mallamaci, trading and doing business as George's Mini Mart, George's Mini Market, George's, George's Market, George's Cozy Corner Family Restaurant, George's Old Fashion Ice Cream, and George's Coffee Shop, filed for Relief under Chapter Eleven of the United States Bankruptcy Code. Although represented by Attorney Gino L. Andreuzzi, it was not until June 15, 1992 that Attorney Andreuz-

zi applied to this Court for Approval of Appointment of Counsel, Nunc Pro Tunc.

Notice of said Application was objected to by new counsel for the Mallamacis, Attorney Joseph G. Murray.

On July 6, 1992, testimony was taken on the issue. Briefs have been submitted and this matter is ready for decision.

■ The employment of attorneys is governed by the provisions of 11 U.S.C. Section 327 as well as Federal Rule of Bankruptcy Procedure 2014(a). It has clearly been the position of the Third Circuit that Applications to employ a professional must be made *before* the professional is employed. *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99 (3rd Cir.1988). See, generally, *Grensky, The Problem Presented By Professionals Who Fail To Obtain Prior Court Approval Of Their Employment Or Nunc Pro Tunc Est Bunc*, 62 *American Bankruptcy Law Journal* 185 *(1988)*.

This Court has the benefit of two Third Circuit cases that have succinctly addressed the very issues presented by the current Application. *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99 (3rd Cir.1988), and *In the Matter of Arkansas Company, Inc.*, 798 F.2d 645 (3rd Cir.1986).

*Arkansas Company* made clear that Bankruptcy Courts do have the power to grant retroactive approval of professional employment. *Id.* at page 648. Nevertheless, mere inadvertence or oversight of counsel cannot constitute excusable neglect sufficient to retroactively approve the appointment of a professional. *Id.* at page 649.

Mr. Andreuzzi justifies the eleven month delay in filing the Application on various "extraordinary circumstances". Those reasons are set forth in paragraph 6 of counsel's Application [1] and generally summarize what was testified to on July 6, 1992.

In short, counsel is suggesting that extraordinary circumstances prevented him from making prompt application to be appointed as counsel for the Debtors In Possession.

The *Arkansas* Court enumerated a nonexclusive list of four factors to consider in determining whether the particular circumstances of a case adequately excuse the failure of counsel to seek prior approval of their appointment. These factors were (1) whether the applicant or some other person bore responsibility for applying for approval, (2) whether the Applicant was under time pressure to begin service without approval, (3) the amount of delay after the Applicant learned that initial approval had not been granted, and (4) the extent to which compensation to the Applicant will prejudice innocent third parties.

In the immediate case, it was Attorney Andreuzzi who obviously bore the responsibility for applying for his own approval as counsel. Both the Application and Attorney Andreuzzi's testimony emphasized that it was the "time pressure" to begin service without approval that created the emergen-

---

1. The paragraph states as follows:

The particular circumstances in the instant case adequately excused the Movant's failure to have requested prior approval, inasmuch as the Debtors financial circumstances and position were in such a serious situation that the Attorney Applicant was under considerable time pressure to begin all of his services without approval, and to continue to represent the Debtors In Possession without attending to the proper application for approval. For example, the Debtors In Possession faced immediate foreclosure proceedings against their assets; their financial circumstances were very involved and complicated; the Debtors In Possession suffered a fire which destroyed many of their financial records following the filing of the initial petition; the complexity of the case resulted in the Attorney—Movant filing for an extension of time to meet with the requirements of filing supporting schedules and other documents required in the case; the Respondents were unable to provide the Attorney with additional financial statements and records, which caused him to file for time extensions in reference to the exclusivity of their ability to file for Plan of Reorganization; the Respondent George Mallamaci was unavailable for court action or other matters for several months in the beginning of the year; Applicants' counsel was required to respond to several adversarial proceedings, and negotiated with creditors on same; and the Applicant—Movant was required to obtain emergency approval of financing arrangements to enable the Debtors In Possession to bolster their financial circumstances by procurement of the immediate delivery of fuel oil products to their business.

cy situation which he blames for delaying the Application.

*F/S Airlease II, Inc.* addresses the meaning of the term "time pressure". That Court was very clear in indicating that "time pressure" "relates solely to whether there is sufficient time to request Court approval before the professional's services must begin". *F/S Airlease II, Inc. v. Simon,* 844 F.2d 99 at page 107.

Attorney Andreuzzi suggested that the numerous creditor litigations that ensued over the course of the eleven months was the reason why the Application for the Appointment of Counsel could not have been filed.

■ This Court does not question that Attorney Andreuzzi was very busy representing the Debtors. Neither the quality of Attorney Andreuzzi's services nor the benefit those services may have rendered to the estate are questioned. Nevertheless, the Court could not long function effectively if it were to possess the naiveté to believe that a lawyer could spend eleven months representing a Debtor and not find the time to dictate, execute and present a basic Application for his appointment as counsel. Accordingly, we find that the true reason for the delay in filing this Application was an oversight. As a person, I can forgive this "oversight". Sitting as a Bankruptcy Judge, I am bound by the pronouncement by our Third Circuit in *Arkansas* that "the prophylactic statutory rule that approval must be sought in advance of performance of service is too strong to be overcome by a mere showing of oversight". *Id.* at 651.

Accordingly, we hold that the Application for Approval of Appointment of Counsel, Nunc Pro Tunc, filed by Attorney Gino L. Andreuzzi, is hereby DENIED.

The Court recognizes, however, that the Rule is harsh and the impact can be devastating on the professional uncompensated because of the denial of such a "nunc pro tunc" Application. In *In re Hydrocarbon Chemicals, Inc.,* 411 F.2d 203 (3rd Cir.) *cert. denied,* 396 U.S. 823, 90 S.Ct. 66, 76, 24 L.Ed.2d 74 (1969), the Court explained the justification for this harsh rule by suggesting that prior approval was necessary so "the Court may know the·type of individual who is engaged in the proceeding, their integrity, their experience in connection with work of this type, as well as their competency concerning the same". *Id.* at 205.

■ As our Circuit suggested, the free grant of retroactive approval would subvert the Congressional intent of eliminating "cronyism" among bankruptcy practitioners. *In the Matter of Arkansas Co.,* 798 F.2d at 649. I agree with that conclusion.

Nevertheless, I must observe that if Federal Rule of Bankruptcy Procedure 2016(b) required disclosure not only of the information requested by 11 U.S.C. § 329 (Debtor's transactions with attorneys) but also § 327 (Disinterestedness), a public record of this "disinterestedness of counsel" would be made within 15 days. Under such circumstances, a bankruptcy court may not hesitate to allow "nunc pro tunc" approval of counsel.

In fact, in Chapter Eleven cases, this document could take the form of the Application for the Appointment of Counsel.

The best tool to avoid "cronyism" is to eliminate what may be perceived to be the "pitfalls" of form over substance which obviously discourages the "occasional" practitioner.

Since we have denied the Application, no purpose would be served by examining the question of Mr. Andreuzzi's disinterested status, which has been raised by the objector.