In re NATIONAL TOOL & MFG. CO.
No. 11140.

United States Court of Appeals
Third Circuit.

Argued Dec. 18, 1953.

Decided Jan. 5, 1954.

As Amended Feb. 8, 1954.

Milton Seaman, New York City (Kreis & Seaman, New York City, on the brief), for appellant.

No argument for appellee.

Before MARIS, GOODRICH and Mc-LAUGHLIN, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by a creditor of National Tool & Manufacturing Company, a debtor in reorganization under Chapter X of the Bankruptcy Act, from an order of the district court making an allowance of $2,500 counsel fees to Douglas G. Mode, Esq., for legal services rendered to the trustees of the debtor in connection with a settlement of its federal income tax liability.

No question is raised as to the performance of legal services by Mr. Mode, although the appellant does assert that the amount of compensation awarded was excessive. The appellant's principal contention is that Mr. Mode is not entitled to any compensation from the debtor's estate because he was not appointed as an attorney for the trustees upon an order of the court, as required by General Order 44. That General Order provides:

"No attorney for a receiver, trustee or debtor in possession shall be appointed except upon the order of the court, which shall be granted only upon the verified petition of the receiver, trustee or debtor in possession, stating the name of the counsel whom he wishes to employ, the reasons for his selection, the profes-

sional services he is to render, the necessity for employing counsel at all, and to the best of the petitioner's knowledge all of the attorney's connections with the bankrupt or debtor, the creditors or any other party in interest, and their respective attorneys. If satisfied that the attorney represents no interest adverse to the receiver, the trustee, or the estate in the matters upon which he is to be engaged, and that his employment would be to the best interests of the estate, the court may authorize his employment, and such employment shall be for specific purposes unless the court is satisfied that the case is one justifying a general retainer. * * * " 1

It is clear that General Order 44 applies to reorganization proceedings under Chapter X of the Bankruptcy Act.[2] It is equally clear that Mr. Mode was not appointed as an attorney for the trustees of the debtor in the manner required by General Order 44. It is settled that under these circumstances an attorney may not be compensated out of the debtor's estate even though he may have rendered valuable services to the trustees.[3] It follows that the district court was without authority to make the order appealed from. It appears, moreover, that even if Mr. Mode had been appointed in the manner required by General Order 44 the order appealed from would nonetheless be invalid since notice of his application for compensation from the debtor's estate was not given to creditors as required by Section 247 of the Bankruptcy Act.[4]

The order of the district court will be reversed.

1. 11 U.S.C.A. following § 53.

2. General Order 52, 11 U.S.C.A. following § 53.

3. In re H. L. Stratton, Inc., 2 Cir., 1931, 51 F.2d 984, certiorari denied Jonas & Neuburger v. General Motors Acceptance Corp., 284 U.S. 682, 52 S.Ct. 199, 76 L.Ed. 576; In re Progress Lektro Shave Corporation, 2 Cir., 1941, 117 F.2d 602; Albers v. Dickinson, 8 Cir., 1942, 127 F.2d 957, 961; Gochenour v. Cleveland Terminals Bldg. Co., 6 Cir., 1944, 142 F.2d 991, 995, certiorari denied 323 U.S. 767, 65 S.Ct. 120, 89 L.Ed. 614.

4. 11 U.S.C.A. § 647.