**In re Charles Don LEWIS and Lynne R. Lewis, husband and wife and Charles Don Lewis t/a Lewis Enterprises also trading as McDonalds, Debtor.**

**Bankruptcy No. 81–03370K.**

United States Bankruptcy Court, E.D. Pennsylvania.

June 16, 1983.

---

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

Gary M. Schildhorn, Philadelphia, Pa., for debtors.

William Schaps, Philadelphia, Pa., trustee.

Edward J. DiDonato, Philadelphia, Pa., for trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case comes before the Court on review of the fee claimed by Counsel for the debtors. The Court will enter an order disallowing all fees claimed prior to the conversion of the case to Chapter 7.[1]

The facts of this case are uncomplicated. On August 21, 1981, a Chapter 11 petition was filed on behalf of the debtors. After an attempt at reorganization, the debtors elected to convert to a liquidation under Chapter 7 on June 21, 1982. A trustee was duly appointed and the matter proceeded; the discharge hearing was held on March 30, 1983. The Court directed that the file remain open pending a review of attorney's fees.

An Order was entered upon Gary Schildhorn, Esquire, Counsel for the Debtors, to file an itemized statement of services. An application to approve counsel fees was filed on April 7, 1983. Upon review of the aforementioned application, the Court scheduled a hearing for April 28, 1983, and directed Mr. Schildhorn to appear and show cause why he should not be denied compensation for all services rendered during the time when the case was in Chapter 11. The basis of this Order was that Mr. Schildhorn never sought approval from this Court for his employment as Counsel for the debtor-in-possession as required by the Bankruptcy Code. 11 U.S.C. § 327. Prior to the hearing, Mr. Schildhorn filed an Application for Approval of the Employment of Counsel nunc pro tunc and a supporting Memorandum of Law. After hearing duly held, at which Mr. Schildhorn appeared and argued in support of his Application for Employment nunc pro tunc, the Court will deny this Application.

Upon review of the Application for Counsel Fees filed by Mr. Schildhorn, the Court finds that 38.5 hours of his total requested services were rendered prior to conversion of the case to Chapter 7. The Bankruptcy Code clearly sets forth that the employment of counsel by a debtor-in-possession in Chapter 11 must be approved by the Court. 11 U.S.C. § 327(a) and § 1107(a). If an attorney does not seek Court approval for his employment, he may not be compensated by the Bankruptcy Court. *In re Hydro Carbon Chemicals, Inc.,* 411 F.2d 203 (3rd Cir.1969); *In re Calpa Products Company,* 411 F.2d 1373 (3rd Cir.1969).

In this case, Mr. Schildhorn asserts that the approval of employment requirement may be satisfied *ex post facto.* We do not agree. To permit *ex post facto* employment would exalt form over substance to an unreasonable extent. The Court also notes that both Mr. Schildhorn and the members

---

1. This Opinion constitutes the findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

of his firm are experienced practitioners in this field of law. We are not confronted with an attorney who through inexperience has failed to file the necessary application, but rather, with an attorney who should be fully aware of this requirement. Further, we note that Mr. Schildhorn did not file his application for approval of employment until after this Court had entered its show cause order. This action was taken over twenty (20) months after the filing of the Chapter 11 petition. By no stretch of the imagination can it be said that Mr. Schildhorn acted promptly to cure this defect.

An Order will be entered allowing Mr. Schildhorn his fee as requested after the conversion of the case. Mr. Schildhorn rendered 1.3 hours of services, resulting in a fee of $130.00. The services of another attorney from his firm, Sara Kalb, Esquire, will be allowed in full on the basis that her services were reasonable and necessary during the Chapter 7 proceeding. In conclusion, a fee of $550.00 will be approved.