**In re ARKANSAS CO., INC., a New York Corporation, Debtor.**

**Civ. A. No. 85–4169.**

United States District Court, D. New Jersey.

Dec. 4, 1985.

Benenson & Scher, P.A., Millburn, N.J. by Elliot Scher, for Creditors Committee.

Ravin, Greenberg & Zackin, Roseland, N.J. by Gary N. Marks, for debtor.

Hugh M. Leonard, U.S. Trustee, Districts of Delaware and New Jersey, Newark, N.J. by Novalyn L. Winfield, for United States Trustee.

OPINION

STERN, District Judge.

This is an appeal from an order of a bankruptcy court denying a motion to retain appellants as attorneys for the creditors committee *nunc pro tunc*. The bankruptcy judge apparently believed he was without the power to grant the motion. It is this Court's holding that he was incorrect in so believing. However, as the proper standard for granting such a motion is not met here, the error was harmless, and the order of the bankruptcy court will be affirmed.

Appellants Benenson & Scher were selected to be attorneys for the official creditors committee in the Chapter 11 reorganization of Arkansas Co., Inc. Because of what appellants describe as an "oversight," they failed to seek court approval of the appointment until some fifteen months after they had begun their work. Such approval is required by 11 U.S.C. § 1103 and other sections of the Bankruptcy Code. After fifteen months, appellants applied to the court for approval, which was granted. They then brought this motion for appointment *nunc pro tunc*. The motion was denied in a decision delivered from the bench.

■ In so ruling, it appears that the bankruptcy judge believed that he was prohibited by statute and precedent from granting approval *nunc pro tunc*. The judge observed that the power to grant such approval would be inconsistent with Congress's intent in requiring court approval of all appointments of counsel in bankruptcy matters. The judge also said that he was bound by the ruling of In re *Hydrocarbon Chemicals, Inc.,* 411 F.2d 203, 206 (3d Cir.1969) to deny the motion.

Both the structure of the bankruptcy code and the *Hydrocarbon* opinion imply that anything which loosens the court's control over the attorneys practicing before it is strongly disfavored. *Hydrocarbon* in particular stresses the imperative requirement that counsel obtain court approval. Nothing in either the *Hydrocarbon* opinion or the statute, however, prohibits the granting of such approval retroactively.

Although there is no prohibition of the approval of appointments *nunc pro tunc,* this circuit has not actually recognized the ability of bankruptcy judges to exercise their discretion in this area. The Fifth Circuit, however, in *Matter of Triangle Chemicals, Inc.,* 697 F.2d 1280 (5th Cir. 1983), has treated the matter thoroughly and convincingly.

*Triangle* points out, *id.* at 1288, that bankruptcy courts are governed by equitable principles and exercise the powers of a court of equity, *Marin v. Bank of England,* 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966); 11 U.S.C. § 105(a). If, as a matter of "equity and good conscience," it is necessary for the court to authorize the appointment of counsel *nunc pro tunc* in order to permit counsel to be paid for work that was of value to the parties to the proceeding, the bankruptcy court has the equitable power to do so. However, the *Triangle* court observed that the use of the power should be limited to "rare or exceptional circumstances." *Id.* at 1288–89.

In *Triangle* itself, an attorney for the debtor continued to provide services for his client after the institution of bankruptcy proceedings. Observing that the law governing the need for approval in that situation was not "free from doubt" at the time the work was performed, the court remanded for the bankruptcy court to determine whether retroactive appointment was warranted. *Id.* at 1290.

■ In the present case, no such exceptional circumstances exist. Appellants proclaim that their failure to request approval was an "oversight." Mere neglect will not suffice.

■ The record shows that the bankruptcy judge contemplated the possibility

that he did actually have the power to grant authorization *nunc pro tunc*, and decided that even if he did he simply would not if the only reason given was, "I forgot." As that holding would have been correct, the judge's error concerning the scope of his authority was harmless.

In *In re Freehold Music Center*, 49 B.R. 293, 296 (Bkrtcy.N.J.1985), a bankruptcy judge of this district set forth his understanding of the equitable factors to be considered in deciding a motion of this sort. The court, he said,

> ... must weigh the good faith of the professional in proceeding without an order and take into account the response to information that the order has not been entered. It must further determine the emergent need for the services rendered and whether or not the debtors could have functioned without such services. Other factors for consideration include a determination of whose responsibility it was to obtain authorization, the applicant's relationship with the debtors and his own sophistication in the field.

*In re Freehold* concerned the retroactive compensation of accountants who had specifically requested, and been assured, that the necessary authorization was being obtained. In granting approval *nunc pro tunc*, the court considered the accountants' lack of familiarity with the bankruptcy code and the fact that it was the responsibility of others to obtain the court's approval.

Here, by contrast, skilled bankruptcy counsel, familiar with the requirements of the code, themselves failed to take any steps to assure that proper authorization was obtained. Under the *Freehold* test—which well articulates the concerns of any court faced with this sort of motion—the equities simply do not fall in appellant's favor.

There is reason for this rule. A negligent failure to file a paper with a court is easy to allege and hard to disprove. No one questions the good faith of the appellants in the present matter. But if a precedent were set that counsel could obtain fees for work performed without authorization merely by alleging their own negligence, the ability of the bankruptcy court to maintain control over the attorneys practicing before it—and over the assets of the company in bankruptcy—would be significantly reduced. This control is at the heart of the statutory scheme enacted by Congress, and is not to be tampered with lightly.

It will always be difficult for a bankruptcy court to decide, after the fact, whether it would or would not have approved the appointment of a certain lawyer or law firm. The need for such retroactive decision-making should be limited to cases in which the party seeking approval shows that it would otherwise be subject to an extraordinary hardship not of its own making.

The order of the bankruptcy court will be affirmed.