### In the Matter of WHITEMERE DEVELOPMENT CORPORATION, Debtor.

### Bankruptcy No. 82–05797.

United States Bankruptcy Court, D. New Jersey.

July 23, 1986.

---

David Kasen, Kasen & Kasen, Former Attorney for debtor.

## OPINION DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING *NUNC PRO TUNC* APPLICATION█

JUDITH H. WIZMUR, Bankruptcy Judge.

The law firm of Kasen and Kasen, former counsel to the debtor-in-possession in the above-captioned matter, seeks compensation for services rendered to the estate. No court order authorizing applicant's employment was entered in the case. The issue presented is whether *nunc pro tunc* court approval may be entered to enable the applicant to be compensated for services rendered. In conformance with Third Circuit precedent, I conclude that *nunc pro tunc* relief may not be afforded. However, for the reasons expressed below, I suggest that the policy be re-examined.

### FACTS

The salient facts are as follows. Debtor filed a voluntary petition in August 1982. Applicant acted as attorney for the Debtor-in-Possession, but failed to file an application for court approval of the employment.[1] As applicant explains, the firm employee who was accustomed to and charged with responsibility for performing the routine clerical function of forwarding an application and proposed order for court approval of the employment was on vacation. As well, there was a "flurry of activity" involved in this case and its companion cases, and the firm simply neglected to file the necessary application. For purposes of this motion, it is assumed that if proper application had been made when debtor's petition was filed, applicant's employment would have been approved. The qualifications required by 11 U.S.C. § 327(a), including no adverse interest and "disinterested person" status, have been demonstrated by applicant.

Applicant acted as attorney for the Debtor-in-Possession until a dispute arose with debtor's principal. Upon formal motion to the Court, applicant obtained an Order on July 1, 1983 permitting the firm to withdraw from the case. Following the submission of a fee application on January 9, 1984, applicant first discovered that no prior court approval had been obtained for the firm's employment.

### LAW

#### A. Generally

The controlling statutory provision, 11 U.S.C. § 327(a), permits a trustee or debtor-in-possession,[2] "with the court's approval", to employ professional persons to represent or assist him. Bankruptcy Rule 2014(a) requires the trustee to apply for court approval and specifies the information which must be included in the application.

---

1. It should be noted that in a companion case filed during the same month, applicant filed a Disclosure of Fees Statement in which the firm disclosed particular fee arrangements and indicated representation of the companion debtor.

2. Under 11 U.S.C. § 1107(a), subject to certain specified limitations, a debtor-in-possession has all the rights and powers of a Chapter 11 trustee.

Although neither the statute nor the rule specifically requires prior court authorization of the employment of professionals by a trustee, the jurisprudential rule denying compensation to a professional employed without prior court approval has been traditionally and strictly applied.[3] *In re Eureka Upholstering Co.*, 48 F.2d 95 (2d Cir., 1931). See also Annot., 66 ALR Fed 250. The chief reasons given for this general rule include the prevention of conflicts of interest between the professionals and the parties interested in the estate, and the maintenance of strict court supervision over the activities of the estate's administrators in order to ensure control of costs. The rule has been applied even where the good faith of the participants was unchallenged, no allegation of a conflict of interest existed, the services of the professional benefited the estate, and the fees claimed were reasonable.

Gradually, some softening of the harsh inflexible judicial position has occurred. *In re Triangle Chemicals, Inc.*, 697 F.2d 1280 (5th Cir., 1983). In the Third Circuit, it has been recognized that the bankruptcy court has the equitable power to authorize the appointment of counsel *nunc pro tunc* in order to permit counsel to be paid for work that was of value to the parties to the proceeding. *In re Arkansas Co., Inc.*, 55 B.R. 384 (D.N.J.1985); *In re Freehold Music Center, Inc.*, 49 B.R. 293 (Bkrtcy.D. N.J., 1985). Nevertheless, the Third Circuit tradition continues to be adherence to the "inflexible per se rule" denying compensation where an attorney negligently fails to obtain prior court approval for his employment.

## B. Third Circuit Precedent

A chronological review of Third Circuit cases on the issue is instructive. The earliest Third Circuit decision my research has disclosed is the case of *In re Robertson*, 4 F.2d 248 (3rd Cir., 1925) in which compensation was denied to counsel for a receiver where the attorney's application for appointment had initially been refused on the ground that he was disqualified by the terms of an applicable District Court rule from serving the estate. Several years later, *nunc pro tunc* relief was afforded in *In re Hite*, 2 F.Supp. 536 (W.D.Pa., 1932). The attorney in the case had been approved for appointment as counsel for the receiver, but had neglected to file another application for employment as counsel for the trustee when a trustee was appointed. The court excused noncompliance by reasoning that the necessity of counsel and the qualifications of the attorney had previously been determined by the court.

The most definite statement on the subject from the Third Circuit Court of Appeals may be found in *In re National Tool and Manufacturing Co.*, 209 F.2d 256 (3rd Cir., 1954), where the inflexible rule proscribing *nunc pro tunc* appointment was first enunciated by the Third Circuit. Without elaboration, the Court announced:

"It is settled that under these circumstances an attorney may not be compensated out of the debtor's estate even though he may have rendered valuable services to the trustee. [Footnote omitted] It follows that the District Court was without authority to make the order appealed from."

Decisions from the Second, Sixth and Eighth Circuits were footnoted, including *In re H.L. Stratton Inc.*, 51 F.2d 984 (2nd Cir., 1931), in which case the propriety of the original appointment and the possibility of an adverse interest on the part of the attorney applicant were of serious concern.

The *National Tool and Manufacturing Company* language was cited approvingly in *In re Hydrocarbon Chemicals, Inc.*, 411 F.2d 203 (3rd Cir., 1969). In *Hydrocarbon*, counsel for the debtor employed counsel

---

3. The adoption of the Bankruptcy Code of 1978, 11 U.S.C.S. § 1101 *et seq.* did not significantly alter the requirement of court authorization for the employment of professionals previously found in General Orders of Bankruptcy 44 and 45. General Order 44 provided that "[n]o attorney for a debtor-in-possession shall be appointed except upon the order of the court ...". Post–1978 case law has recognized the continued validity and relevance of pre-Code case law on this issue. *In re Mork*, 19 B.R. 947, 6 CBC 2d 1334 (Bkrtcy.Minn., 1982).

for specialized services without obtaining prior court approval. The Court was concerned with the absence in the Bankruptcy Act of authority for paying more than one fee to counsel for the debtor. As well, the necessity of such employment was questioned. The majority of the eight judge Court (three judges dissented) focused on the importance of the Court's control over all proceedings and the imperative that counsel's "competency, experience and integrity therefor have the approbation of the Court." *Id.* at 206. See also *In re Calpa Products Company,* 411 F.2d 1373 (3rd Cir.1969). (Denial of compensation to creditors' attorney where his initial application for appointment had been denied), and *In re Lewis,* 30 B.R. 404 (Bankr.Pa.1983) (Denial of *nunc pro tunc* approval of employment where application made 20 months after Chapter 11 petition was filed, following issuance of a court order directing attorney to show cause why he should not be denied compensation).

In subsequent decisions of the Third Circuit trial courts, including *In re Bible Deliverance Evangelistic Church,* 39 B.R. 768 (Bankr.E.D.Pa., 1984), *In the Matter of Freehold Music Center, Inc.,* 49 B.R. 293 (Bkrtcy.D.N.J., 1985) and, most recently, *In re Arkansas Company, Inc.,* 55 B.R. 384 (D.N.J.1985), it has been recognized that the applicable statute and bankruptcy rule do not proscribe compensation where prior court approval is not obtained, and that a bankruptcy judge may exercise discretion and balance the equities to determine whether to authorize the appointment of counsel *nunc pro tunc.* The Arkansas court emphasized, however, in circumstances identical to those presented in this case, that "exceptional circumstances" must be demonstrated to warrant the entry of *nunc pro tunc* approval, and that "mere neglect will not suffice" to justify such approval.

Based on the foregoing pronouncements of the Third Circuit, including *National Tool and Manufacturing Company, supra,* and *Hydrocarbon Chemicals, supra,* as well as its progeny, I must conclude that the applicant may not be afforded *nunc*

*pro tunc* approval of his employment as attorney for debtor-in-possession.

It is fundamental that a decision by a higher court, in this case, the Third Circuit Court of Appeals, not overruled by the United States Supreme Court, is a decision of the court of last resort in this federal judicial circuit. Its judgments are binding on all inferior courts and litigants in the Third Judicial Circuit. *Allegheny General Hospital v. National Labor Relations Board,* 608 F.2d 965 (3rd Cir.1979). Whatever may be the personal views of an inferior court on a particular issue, that court is not free to depart from the majority opinion of the Court of Appeals. *Poulis v. State Farm Fire and Casualty Company,* 747 F.2d 863 (3rd Cir.1984).

Nevertheless, I am compelled to offer my view that greater flexibility should be employed on *nunc pro tunc* applications, even where the only circumstance presented is the attorney's negligence in failing to file his application for court approval in a timely fashion.

## DISCUSSION

Historically, the reasons cited for the application of the "inflexible per se rule" disallowing *nunc pro tunc* approval of employment include the need to assess, at the beginning of the case, the necessity for the employment, *In re Robertson, supra;* to ascertain "the type of individual who is engaged in the proceeding, their integrity, their experience in connection with work of this type, as well as their competency concerning the same" *In re Hydrocarbon Chemicals, Inc.,* 411 F.2d at 205; to prevent the payment of compensation to "an officious intermeddler or a gratuitous volunteer", 2 *Collier on Bankruptcy,* § 327.02 at 327–6, and, most significantly, and generally, to maintain strict control of the assets of the bankruptcy estate. *In re Arkansas Co., Inc., supra.*

Clearly, prior court approval of professional employment on behalf of a trustee or debtor-in-possession is desirable to maintain court supervision and control of the estate. The rule should continue to be

effected, and negative consequences should attach to violations of the rule, including the possibility of monetary sanctions against any allowance which may subsequently be allowed. However, the element of control may be satisfied fully upon the complete and thorough review of an application for allowances made by an applicant who receives *nunc pro tunc* approval of his employment. The automatic consequence of denial of compensation regardless of services actually rendered and benefit bestowed upon the estate for the negligent failure to comply with the threshold requirement of obtaining court approval is not justified in every instance.

With regard to the need for the court to ascertain the necessity for services rendered, it is clear that as a matter of course, nearly all debtors-in-possession and trustees have the benefit of legal representation. The necessity for legal services is rarely if every questioned or challenged. As well, the customary authorization for employment on a general retainer rather than for specific services is never challenged. If the necessity for specific services rendered to the estate is questioned, it may be determined when the application for compensation is reviewed.

It is also clear that a debtor-in-possession is generally free to select his own attorney and that the selection will be honored by the Court if it is demonstrated that there is no adverse interest to the estate and that the applicant is a disinterested person. Such proposed orders are routinely signed in the bankruptcy court upon proper certification of the two requested elements. The court's need to assess counsel's level of expertise, integrity and competence, as suggested by the *Hydrocarbon* Court, does not actually arise until the fee application is reviewed. At the initial application stage for court approval of employment, a Bankruptcy Court's rejection of the application on the basis that the attorney does not have the proper level of expertise, integrity or competence to represent the debtor-in-possession would be highly questionable. As a corollary, I question the suggestion of the *Arkansas* Court, *supra*, that it would

be difficult for a bankruptcy court to decide, after the fact, whether the two elements of no adverse interest and disinterested person status have been met.

Substantial support for a more flexible approach may be found in the Fifth Circuit decision of *In the Matter of Triangle Chemicals, Inc.*, 697 F.2d 1280 (5th Cir., 1983). Specifically, the *Triangle Chemicals* Court held that where, through oversight, the attorney has neglected to obtain prior court approval but has continued to perform services for the debtor-in-possession, "the bankruptcy court retains equitable power in the exercise of its sound discretion, under exceptional circumstances, to grant such approval *nunc pro tunc*, upon proper showing ..." *Id.* at 1289.

It is important to address the reference in the *Triangle Chemicals* case to the need to establish "exceptional circumstances". I believe that the reference is tempered by a close review of the case. The facts of the case reflect simple negligence on the part of the attorney in failing to file an appropriate application, that the attorney was otherwise qualified to serve, and that the services rendered by the attorney benefited the estate. Additionally, the *Triangle Chemicals* Court expressly relied on the reasoning of *In re King Electric Company*, 19 B.R. 660 (Bankr.E.D.Va.1982), wherein a bankruptcy court's determination to deny *nunc pro tunc* approval of the employment of an attorney where the attorney was negligent in failing to obtain prior court approval for his employment was reversed on the ground that no reason had been advanced "for withholding equity ... other than that the application was not timely. Additionally because the bankruptcy court has full control over the allowance of fees, there is here no chance of overreaching through unnecessary or improper activity of counsel either before or after formal employment." 19 B.R. at 663.

In summary, while the requirement of prior court approval should be maintained, the need for strict control of the administration of the bankruptcy estate may be

satisfied by consideration of relevant factors upon a *nunc pro tunc* application and careful scrutiny of fee applications. Among the factors to be considered are the following:

1. whether the necessary elements of 11 U.S.C.A. § 327, including no adverse interest and disinterested person status, have been met;

2. whether the services rendered were necessary;

3. whether the applicant could be considered to be an intermeddler or volunteer;

4. whether the applicant was recognized by the bankruptcy court and others involved in the case as the legal representative of the debtor-in-possession or trustee;

5. whether any prejudice to others involved in the case is demonstrated, and

6. whether services rendered by the applicant benefited the estate.

In this case, applicant would have qualified for appointment under 11 U.S.C.A. § 327. Applicant's services to the estate were necessary and of benefit to the estate. Applicant was not an intermeddler, and was recognized by the bankruptcy court and others, during many court appearances and related processes, as the legal representative of the debtor-in-possession. No prejudice to others has been suggested if the application is approved. If greater flexibility were permitted by controlling Third Circuit precedent in reviewing a *nunc pro tunc* application of an attorney who negligently failed to apply for prior court approval of his employment, it is probable that this application would be approved.

For the reasons expressed, the motion for reconsideration of the denial of the *nunc pro tunc* application is hereby denied.

