**In re Frank Joseph MASON, t/a Joe's Luncheonette, Debtor.**

**Bankruptcy No. 82–05456.**

United States Bankruptcy Court, D. New Jersey.

Aug. 22, 1986.

Kasen & Kasen by David A. Kasen, Cherry Hill, N.J., for debtor.

United States Trustee for the Districts of Delaware and New Jersey by Joseph J. Mania, III, Staff Atty., Newark, N.J.

ROSEMARY GAMBARDELLA, Bankruptcy Judge.

The matter presently before the Court is an Application for the nunc pro tunc Ap-

pointment of the Attorneys for the Debtor-in-Possession (debtor) and for payment of compensation to the attorneys for the debtor. The facts leading up to this matter are as follows.

On August 10, 1982, the debtor, Frank Joseph Mason, filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On May 13, 1985, the debtor filed a plan of reorganization. By order of this court dated October 18, 1985, the debtor's plan of reorganization was confirmed. On October 1, 1985, David A. Kasen, Esquire, of the firm of Kasen & Kasen, filed an Application for Allowance to Counsel for the debtor. By way of that application, Mr. Kasen represented to the court that his firm had received a $3,500.00 retainer fee, plus a $200.00 filing fee from the debtor. Mr. Kasen further indicated that his hourly rate for services rendered is $125.00, and that the rate charged by his firm for services rendered by Robert N. Braverman, Esquire, a member of the firm, is $90.00 per hour. Mr. Kasen stated in his application that the reorganization of the debtor's estate involved the sale of a business which required Mr. Kasen to prepare and review significant documentation. Further, Mr. Kasen noted that the debtor's estate involved a considerable number of tax claims which required verification.

The firm of Kasen & Kasen seeks compensation in the sum of $10,000.00 for the services it rendered in connection with the debtor's estate. Additionally, the firm is seeking reimbursement of postage expenses in the amount of $75.36, and photocopying expenses in the amount of $138.45. Against this amount, the firm of Kasen & Kasen has applied the retainer of $3,500.00 which was received by the firm at the commencement of the Chapter 11 case. Accordingly, the applicant is presently seeking payment of the sum of $6,500.00, plus reimbursement for expenses in the sum of $213.81. Attached to Mr. Kasen's

application for allowances is a statement of services rendered which indicates that the firm of Kasen & Kasen has expended 79.7 hours in connection with the debtor's estate.

On November 27, 1985 the United States Trustee for the Districts of Delaware and New Jersey [1] filed an objection to the application for allowances submitted by the firm of Kasen & Kasen. The United States Trustee listed three bases for its objection. First, the United States Trustee noted that the applicants request compensation for an estimated additional 10 hours of work. The United States Trustee asserts that, pursuant to 11 U.S.C. § 330(a)(1), compensation may be paid only for services actually rendered. Second, the United States Trustee contends that the application for allowances fails to reflect the billing rate charged for services rendered in 1982 and 1983. Third, the United States Trustee notes that the applicants seek reimbursement of photocopying fees, and contends that such fees are a cost of doing business which may not be charged to a bankruptcy estate.

On December 18, 1985 a hearing was held before this court on the instant application for allowances. At that time the United States Trustee withdrew its third objection to the application. Also at that hearing, it was noted that Mr. Kasen has failed to obtain an order appointing his firm attorneys for the debtor. Mr. Kasen expressed surprise upon learning that he had failed to obtain the order and he stated that at his law firm, obtaining such an order is "typically a routine task." He indicated that since he is the head of the firm, he is responsible for the failure to obtain the order.

Mr. Kasen argued that the bankruptcy court, as a court of equity, may enter a nunc pro tunc order, approving his firm attorneys for the debtor. In support of

---

**1.** The United States Trustee for the Districts of Delaware and New Jersey was appointed by the Attorney General in accordance with the pilot program established under Section 408 of the Bankruptcy Reform Act of 1978. The United States Trustee is charged with the duty of supervising the administration of bankruptcy cases and trustees in this District. 28 U.S.C. Section 586(a)(3).

this argument, Mr. Kasen stated that an order approving his firm's employment, "would have routinely been entered in the beginning of the case had I submitted it." Thus, Mr. Kasen concluded that he, or his office merely forgot to perform a "ministerial act." This court, at the December 18, 1985 hearing, gave counsel the opportunity to submit legal memoranda or briefs on the nunc pro tunc issue.

On January 6, 1986, Mr. Kasen filed an application to have his firm appointed as attorneys for the debtor. On that same date, an order prospectively appointing the firm of Kasen & Kasen attorneys for the debtor, was entered by this court.

On January 7, 1986, Mr. Kasen filed an affidavit in support of his motion to appoint Kasen & Kasen attorneys for the debtor nunc pro tunc. In that affidavit, Mr. Kasen stated that the work which must be done in order to be appointed attorney for a debtor is "typically a secretarial function" in his office. He noted that at the time the application in the instant matter should have been prepared, his regular secretary was on vacation and a substitute secretary was working on the file. Mr. Kasen concluded that because the substitute secretary was working on the file, the work to obtain an order appointing Kasen & Kasen as counsel for the debtor was not done.

On March 14, 1986, the debtor, Mr. Frank Joseph Mason, filed an affidavit in support of the application of Kasen & Kasen for allowance of compensation. The debtor, in his affidavit, states that he is satisfied with counsel's services and that in his opinion the fee requested by Kasen & Kasen is fair and reasonable.

In support of his firm's application for approval nunc pro tunc, Mr. Kasen emphasized that the debtor's case has been successful, and that Kasen & Kasen has acted in good faith in representing the debtor and has used its best efforts. Mr. Kasen also stated that there was no conflict of interest which would prevent the court from approving the employment of Kasen & Kasen as attorneys for the debtor nunc pro tunc.

On January 10, 1986, the United States Trustee filed a letter in opposition to the application of Kasen & Kasen for attorneys' fees and expenses. The basis for the opposition was Kasen & Kasen's failure to obtain an order authorizing its employment as attorneys for the debtor. The United States Trustee noted that the bankruptcy court may exercise its discretion in entering nunc pro tunc orders authorizing the employment and compensation of attorneys. However, the United States Trustee contended that such discretion may be exercised only in exceptional situations where good cause exists for an attorney's failure to timely file an application and order authorizing his or her employment. The United States Trustee argued that the equities do not fall in the favor of Kasen & Kasen's obtaining a nunc pro tunc order. The United States Trustee based this conclusion upon the argument that, in the case at bar experienced bankruptcy attorneys, familiar with the requirements of the bankruptcy code, simply failed to take any steps to assure that an order authorizing their employment had been obtained.

On March 7, 1986, Mr. Kasen filed a supplemental letter brief in support of his application to appoint Kasen & Kasen attorneys for the debtor nunc pro tunc. Mr. Kasen argued that it would be extraordinarily harsh and inequitable to deny his law firm compensation for the services it has rendered to the debtor. He indicated that he and the firm of Kasen & Kasen are now forewarned about the necessity of making timely applications for employment authorization. Mr. Kasen suggested that if the court nonetheless feels that a deterrent is necessary, a monetary sanction by way of a reduction of the fees sought should be imposed. Mr. Kasen concluded that reducing the amount of compensation sought would be more equitable than completely denying compensation to his firm since valuable services have been rendered to the debtor's estate. In support of this assertion, Mr. Kasen noted that he is aware of no other instance in which a failure to perform a "ministerial" task results in the denial of an attorney's right to compensa-

tion. He concluded that denying the instant application is placing "form over substance."

On March 14, 1986 a second hearing was conducted before this court on the application to appoint the firm of Kasen & Kasen attorneys for the debtor nunc pro tunc. At that hearing, Mr. Kasen again argued that applying to the bankruptcy court for an order authorizing the employment of the firm of Kasen & Kasen is generally a ministerial function handled by the secretaries in his office. He also again advised the court that his regular secretary was on vacation at the time the application papers for the instant matter should have been prepared.

At the March 14, 1986 hearing, Mr. Kasen indicated that a companion case, Jarmay, Inc., t/a Mason's Restaurant was commenced simultaneously with the instant matter. In that case, Mr. Kasen also failed to obtain an order of the court appointing his firm attorneys for the debtor. In the Jarmay, Inc. matter, Mr. Kasen indicated that when he made an application for compensation, counsel fees were awarded. The Jarmay case has since been closed. None of the parties in interest in the Jarmay, Inc. matter questioned whether Mr. Kasen had obtained an order appointing his firm counsel for the debtor.[2]

At the March 14, 1986 hearing, Mr. Kasen stated that he has conducted approximately 95% of his bankruptcy practice before the bankruptcy court in Camden, New Jersey. He also noted that he commenced practicing law in 1970, and appeared before the bankruptcy court for approximately 14 years. Mr. Kasen indicated that he had not had a nunc pro tunc application for approval as counsel denied in the fourteen years that he practiced before this court, and he reiterated that in his opinion the entering of such orders "was routine and ministerial."

Mr. Kasen acknowledged that pursuant to the Federal Rules of Bankruptcy, he is required to make timely application to the court for the appointment of any professional. However, he urged the court to apply that rule prospectively rather than retrospectively to this case. He indicated that he now realizes the importance of obtaining timely court approval of his employment. He further indicated that the instant case was commenced in 1982, when in his opinion, nunc pro tunc orders were "routinely given."

Mr. Kasen argued that the key factors to be considered by the court in deciding the instant nunc pro tunc application are, equity, good conscience, and whether the work performed by the applicant was of value to the parties of the bankruptcy proceeding. He further indicated that the court should consider whether it is more probable than not that the court would have approved his firm's employment had the application been timely submitted. Mr. Kasen concluded that the only error he has committed in the instant matter, is failing to timely submit an application and order approving his firm as attorneys for the debtor. In so concluding, Mr. Kasen stated, "Your Honor knows that those kinds of orders are routinely granted." Mr. Kasen argued that by virtue of his non-timely filing of an application for employment, he has not abdicated the court's control over him. Finally, Mr. Kasen argued that he has performed a substantial amount of work on the instant case which benefited the debtor, and thus, that he should not be denied compensation because he failed to obtain court approval of his employment. Again Mr. Kasen noted that in his opinion he failed to perform "a ministerial function."

At the March 14, 1986 hearing, Mr. Kasen asserted that Bankruptcy Rule 9005 and Federal Rule of Civil Procedure 61, both entitled "Harmless Error", apply to the instant matter. Pursuant to those rules, when appropriate, the court may order the correction of any error, defect or omission which does not affect substantial

---

**2.** In the Jarmay, Inc. matter, Case No. 82–05455, an Order for Compensation was entered on June 14, 1984. Pursuant to the Order, Kasen & Kasen was awarded $5,360.09 for services rendered and $191.41 for reimbursement of expenses in connection with the Jarmay, Inc. case.

rights. Mr. Kasen argued that although he made an omission, no substantial rights have been affected thereby, and thus the court may cure that omission through a nunc pro tunc order approving his firm's employment as counsel for the debtor. In conclusion, Mr. Kasen argued that his failure to obtain a court order approving his firm's employment as attorney for the debtor did not impose harm upon anyone except his firm since such an order has no "substantive meaning to the case," and is a "purely ministerial," "rubberstamped thing." Mr. Kasen concluded that there is nothing glaring about this case which would preclude the entry of a nunc pro tunc order.

At the March 14, 1986 hearing, the United States Trustee argued that the filing of a timely application to be appointed attorney for a debtor is not merely a ministerial function.

On March 31, 1986, Mr. Kasen filed a letter memoranda with this court. In that letter, Mr. Kasen reiterated his position that nunc pro tunc orders approving the employment of attorneys are routinely granted. He indicated that, although he has seen numerous nunc pro tunc orders granted, he has never been, nor has he ever seen anyone else been, reprimanded for seeking a nunc pro tunc order. He concluded that it is "an accepted part of the practice" to have such orders granted. He also reiterated his position that under Bankruptcy Rule 9005 and Federal Rule of Civil Procedure 61, the harmless error rules, this court should grant the nunc pro tunc application in order to cure an omission that does not affect the substantial rights of the parties.

■ Prior to this court's discussion of the law regarding nunc pro tunc approval of professional's employment, this court will briefly address Mr. Kasen's argument that the signing of orders approving the employment of professionals, and nunc pro tunc orders approving the employment of professionals, is a ministerial task.

Ministerial has been defined as:

[t]hat which is done under the authority of a superior; opposed to *judicial.* That which involves obedience to instructions, but demands no special discretion, judgment, or skill. . . . Official's duty is 'ministerial' when it is absolute, certain and imperative, involving merely execution of a specific duty arising from fixed and designated facts.·

*Black's Law Dictionary* 899 (5th ed. 1979). Based upon this definition, a judge's signing of an order approving the employment of a professional or a nunc pro tunc order approving such employment clearly cannot be categorized as a ministerial task. The signing of such orders involves an analysis of the totality of the factors surrounding the attorney's employment as well as an analysis of the relevant law, as would the signing of any other order presented to the court.

This court will now turn to the law governing the nunc pro tunc approval of the employment of professionals. Section 327 of the Bankruptcy Reform Act of 1978 (Bankruptcy Code) in effect at the commencement of this case governs the employment of professional persons and provides in relevant part:

(a) Except as otherwise provided ·in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

(b) If the trustee is authorized to operate the business of the debtor under section 721 or 1108 of this title, and if the debtor has regularly employed attorneys, accountants, or other professional persons on salary, the trustee may retain or replace such professional persons if necessary in the operation of such business.

A debtor-in-possession has the same rights as a trustee to employ professional persons under 11 U.S.C. § 1107(a).

Bankruptcy Rule 2014 which governs the employment of professional persons also provides:

(a) **Application for and Order of Employment.** An order approving the employment of attorneys accountants, appraisers, auctioneers, agents, or other professional persons pursuant to § 327 or § 1103 [3] of the Code shall be made only on application of the trustee or committee, stating the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for his selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants.

(b) **Services Rendered by Member or Associate of Firm of Attorneys or Accountants.** If, under the Code and this rule, a law partnership or corporation is employed as an attorney, or an accounting partnership or corporation is employed as an accountant, or if a named attorney or accountant is employed, any partner, member, or regular associate of the partnership, corporation or individual may act as attorney or accountant so employed, without further order of the court.

Bankruptcy Rule 2014 (footnote added).

There has been a split among the circuits, as well as among the bankruptcy courts, with respect to the issue of nunc pro tunc appointment of professionals. Numerous jurisdictions and decisions have been interpreted as imposing an inflexible per se rule regarding the propriety of nunc pro tunc orders. These courts have disallowed compensation where there was not a valid prior court approval of employment. *See, e.g., In re Calpa Products Company,* 411 F.2d 1373 (3d Cir.1969); *In re Hydrocarbon Chemicals, Inc.,* 411 F.2d 203 (3d

Cir.), *cert. denied,* 396 U.S. 823, 90 S.Ct. 66, 24 L.Ed.2d 74 (1969); *In re National Tool & Mfg. Co.,* 209 F.2d 256 (3d Cir.1954); *Gochenour v. Cleveland Terminals Bldg. Co.,* 142 F.2d 991 (6th Cir.), *cert. denied,* 323 U.S. 767, 65 S.Ct. 120, 89 L.Ed. 614 (1944); *Albers v. Dickinson,* 127 F.2d 957 (8th Cir.1942); *In re Progress Lektro Shave Corporation,* 117 F.2d 602 (2d Cir. 1941); *In re Rogers-Pyatt Shellac Co.,* 51 F.2d 988 (2d Cir.1931); *In re H.L. Stratton, Inc.,* 51 F.2d 984 (2d Cir.1931); *In re Eureka Upholstering Co.,* 48 F.2d 95 (2d Cir.1931); *In re Robertson,* 4 F.2d 248 (3d Cir.1925).

There also exists a contrary line of cases which holds that neither the bankruptcy statutes nor the bankruptcy rules absolutely prohibit the issuance of a nunc pro tunc order of appointment. Such cases permit nunc pro tunc orders of appointment under certain circumstances when the sole ground urged for denying compensation to an attorney or other professional who actually performed valuable services to a debtor's estate, is that the trustee or debtor-in-possession neglected to secure proper court approval of the employment of such attorney or other professional. *See, e.g., Matter of Triangle Chemicals, Inc.,* 697 F.2d 1280 (5th Cir.1983); *Matter of Laurent Watch Co., Inc.,* 539 F.2d 1231 (9th Cir.1976); *Stolkin v. Nachman,* 472 F.2d 222 (7th Cir.1973); *In re King Electric Co., Inc.,* 19 B.R. 660 (E.D.Va.1982); *In re Hite,* 2 F.Supp. 536 (W.D.Pa.1932); *Matter of Allen,* 8 B.R. 221 (Bkrtcy.N.D.Ga.1981).

The case of *In re Hydrocarbon Chemicals, Inc.,* 411 F.2d 203 (3d Cir.), *cert. denied,* 396 U.S. 823, 90 S.Ct. 66, 24 L.Ed.2d 74 (1969), established the rule regarding nunc pro tunc employment of professionals in the Third Circuit. In denying an attorney's request for compensation for services performed as counsel to counsel for a debtor, the *Hydrocarbon* court stated that, "unless counsel have been approved by the court, though their services were of value

---

**3.** 11 U.S.C. § 1103(a) authorizes a creditors' committee or equity security holders' committee to employ counsel, accountants or other agents

to represent and perform services for such committee in a Chapter 11 proceeding, subject to the court's approval.

to the court in a [bankruptcy] proceeding, they must be denied compensation." *Id.* at 206. *Accord, Gochenour v. Cleveland Terminals Bldg. Co.,* 142 F.2d 991 (6th Cir.), *cert. denied,* 323 U.S. 767, 65 S.Ct. 120, 89 L.Ed. 614 (1944); *Albers v. Dickinson,* 127 F.2d 957 (8th Cir.1942); *In re Progress Lektro Shave Corporation,* 117 F.2d 602 (2d Cir.1941). The strict ruling of the *Hydrocarbon* court, however, was labelled an "inflexible per se rule", and rejected by the Fifth Circuit in the case of *Matter of Triangle Chemicals, Inc.,* 697 F.2d 1280, 1285 (5th Cir.1983). The *Triangle Chemicals* court permitted compensation to be paid to an attorney for a debtor corporation, although the attorney had not obtained court approval of his employment prior to his performance of services in a Chapter 11 proceeding. The Chapter 11 proceeding was subsequently converted to a Chapter 7 proceeding. The *Triangle Chemicals* court found that the bankruptcy court, as a court of equity, had discretion to approve the attorney's appointment nunc pro tunc. In so deciding, the court stated:

> while the rules contemplate court approval *prior* to attorney's employment, they do not in terms or necessary implication prohibit the court in its discretion from granting its approval, nunc pro tunc, at a date *subsequent* to the employment and after the services are rendered, providing that the required showing is made.

*Id.* at 1284. The *Triangle Chemicals* court found that the trial court erred in its perception that it had no discretion at law to enter a nunc pro tunc order. Accordingly, the matter was remanded to the bankruptcy court to determine, in the exercise of its sound discretion, whether such an order should be entered, and if so, to award appropriate compensation. 697 F.2d at 1291.

This court in reaching its decision in the instant matter, must examine the development of the law in the district and the circuit in which it sits.

The case of *In re Hydrocarbon Chemicals, Inc.,* 411 F.2d 203 (3d Cir.), *cert. denied,* 396 U.S. 823, 90 S.Ct. 66, 24 L.Ed.2d

74 (1969) was decided under General Order 44 of the former Bankruptcy Act. In that case, counsel for a debtor in a Chapter XI proceeding under the Bankruptcy Act employed another firm as its counsel in connection therewith. At no time during the Chapter XI proceeding did counsel employed by counsel for the debtor receive the approval of the court. Thereafter a petition to proceed under Chapter X was filed. Counsel for the counsel for the debtor alleged that the services it rendered during the Chapter XI proceeding were beneficial to the estate in the Chapter X proceeding. The court found that the services which had been performed under the Chapter XI proceedings and were used in the Chapter X proceedings rendered counsel at least *de facto* counsel for the Chapter X trustee, and as such, counsel was acting without the approval of the court, as required in Chapter X proceedings. General Order 44 which applied to reorganization proceedings under Chapter X of the Bankruptcy Act provided in relevant part:

### APPOINTMENT OF ATTORNEYS

No attorney for a receiver, trustee or debtor in possession shall be appointed except upon the order of the court, which shall be granted only upon the verified petition of the receiver, trustee or debtor in possession, stating the name of the counsel whom he wishes to employ, the reasons for his selection, the professional services he is to render, the necessity for employing counsel at all, and to the best of the petitioner's knowledge all of the attorney's connections with the bankrupt or debtor, the creditors or any other party in interest, and their respective attorneys. If satisfied that the attorney represents no interest adverse to the receiver, the trustee, or the estate in the matters upon which he is to be engaged, and that his employment would be to the best interests of the estate, the court may authorize his employment, and such employment shall be for specific purposes unless the court is satisfied that the case is one justifying a general retainer.

411 F.2d at 205–206 n. 1. Circuit Judge Ganey, writing for the *Hydrocarbon* court,

determined that it was "well-settled" that attorneys in a Chapter X proceeding who were not approved by the court must be denied compensation. Judge Ganey recognized that this was "a harsh conclusion," nonetheless, he determined that the result was mandated by the court's need for control over attorneys in Chapter X proceedings. *Id.* at 206.

In rendering its decision, the *Hydrocarbon* court relied upon the case of *In re National Tool & Mfg. Co.*, 209 F.2d 256 (3d Cir.1954). The *National Tool* court, had denied compensation to an attorney for services rendered to the trustee of a Chapter X debtor. The court, applying General Order 44, determined that although the attorney rendered valuable services to the trustee, he could not be compensated since he had not been appointed by order of the court. 209 F.2d at 257.

Recent cases under the Bankruptcy Code have addressed the nunc pro tunc issue. In the case of *In re Lewis*, 30 B.R. 404 (Bkrtcy.E.D.Pa.1983), the bankruptcy court denied compensation to an attorney for a debtor-in-possession who failed to seek court approval of his employment. The *Lewis* court cited the *Hydrocarbon* case to support its conclusion that an attorney may not be compensated by the bankruptcy court when the attorney failed to seek court approval of his employment. However, the *Lewis* court did not appear to follow the stringent *Hydrocarbon* rule that court approval of the employment of a professional could never be granted *ex post facto*. In *Lewis*, Bankruptcy Judge William A. King, Jr. noted that the attorney seeking compensation, as well as the firm with which he was associated, were experienced bankruptcy practitioners. The *Lewis* court indicated that if the attorney was inexperienced, nunc pro tunc approval may have been appropriate, for the court stated, "[w]e are not confronted with an attorney who through inexperience has failed to file the necessary application, but rather, with an attorney who should be fully aware of this requirement." 30 B.R. at 406.

In *In re Bible Deliverance Evangelistic Church*, 39 B.R. 768 (Bkrtcy.E.D.Pa.1984), decided shortly after *In re Lewis*, the bankruptcy court in a Chapter 11 proceeding authorized the employment of counsel for an unsecured creditors' committee nunc pro tunc and awarded fees. In *Bible Deliverance*, counsel was elected to represent the Creditors' Committee on March 29, 1983, and was not authorized by the court until April 13, 1983. In the interim, the attorneys performed 16.2 hours of service for the committee. The debtor in *Bible Deliverance* argued that pursuant to the ruling in *In re Lewis*, the attorneys could not be compensated for the services rendered prior to the Court's approval of their employment.

Bankruptcy Judge William A. King, Jr., again writing for the court in *Bible Deliverance*, rejected the debtor's contention. The court noted that ordinarily nunc pro tunc fee awards are not granted. However, the court established that when an applicant demonstrates exceptional circumstances regarding the fees incurred, fees may be awarded on a nunc pro tunc basis. In *Bible Deliverance*, the attorneys for the Creditors' Committee established that exceptional circumstances regarding the bankruptcy estate existed from March 29, 1983 through April 12, 1983. The first meeting of creditors had already been scheduled for April 14, 1983, at the time the applicants were asked to represent the creditors committee. The chief operating officer of the debtor, who the creditors believed was concealing assets, was ordered by the court to appear at the April 14, 1983 meeting for examination. Consequently, the applicants had to commence preparation for the meeting immediately upon agreeing to represent the Creditors' Committee. Additionally, the court noted that the applicants acted with reasonable promptness in seeking court approval of their employment. In conclusion, the court stated:

> Further, one of the real purposes of ruling against nunc pro tunc fee applications is to prevent various counsel from simultaneously representing and charg-

ing debtors, Creditors' Committees, etc. to the detriment of the creditors. This case is far different from the ordinary debtor's case and the net result of allowing fees to counsel prior to appointment is far outweighed by the necessities of this situation and the actions of the debtor which did not bring about an easy or early termination of this case.

39 B.R. at 772.

The bankruptcy court in this district in the case of *Matter of Freehold Music Center, Inc.,* 49 B.R. 293 (Bkrtcy.D.N.J.1985) was confronted with an application for the nunc pro tunc authorization of the employment of accountants for certain debtors-in-possession. In *Freehold Music,* three separate corporate debtors filed voluntary petitions for relief under the bankruptcy code. At the time of the filings, the debtors intended to employ a particular accounting firm to perform accounting services for all three debtors. At a meeting with the attorneys for the debtors to discuss the accountants' responsibilities, one of the accountants stated that he wanted "protection" before he commenced working. He was assured that the appropriate application would be submitted to the court, and that additional arrangements to ensure that the accountants would be compensated for their services were made. *Id.* at 294.

Throughout the course of the bankruptcy, the accountants performed services essential to the continuation of the debtor's business. In good faith the accountants believed that the proper authorization for their employment had been obtained. It was not until approximately five months after they had commenced working for the debtors that the accountants discovered that they had not been retained pursuant to court order. On that date, the accountants discontinued working for the debtors. *Id.*

The accountants in *Freehold Music* asserted that they were unfamiliar with the details of the bankruptcy code. Additionally, they declared that they would not have rendered any services without proper authorization had they known that they would not be reimbursed unless their employment was approved by the court. On the basis of the foregoing, Bankruptcy Judge William H. Gindin, writing for the court, found that the accountants proceeded in good faith to perform services which were in the best interest of the debtors. Furthermore, the court determined that the debtors' business could not have been properly operated without the services of qualified accountants. *Id.*

In declining to follow the law regarding nunc pro tunc as set forth in *In re Hydrocarbon Chemicals, Inc.,* 411 F.2d 203 (3d Cir.), *cert. denied,* 396 U.S. 823, 90 S.Ct. 66, 24 L.Ed.2d 74 (1969), the court in *Freehold Music* distinguished Bankruptcy Rule 2014 from General Order 44, which was in effect when *Hydrocarbon* was decided. The court noted:

> the emphasis in General Order 44 is on the negative condition precedent requiring the entry of an order. ('no ... shall') In contrast, Rule 2014 is worded somewhat differently for it requires an application, but does not contain a blanket negative prohibition. ('shall ... only')

*Freehold Music,* 49 B.R. at 295.

In approving the accountants' employment nunc pro tunc and awarding them compensation, the court in *Freehold Music* set forth a test to be employed in determining whether to grant a nunc pro tunc application:

> The rule which must be applied therefore is one in which the Court balances the equities and exercises its discretion. It must weigh the good faith of the professional in proceeding without an order and take into account the response to information that the order has not been entered. It must further determine the emergent need for the services rendered and whether or not the debtors could have functioned without such services. Other factors for consideration include a determination of whose responsibility it was to obtain authorization, the applicant's relationship with the debtors and his own sophistication in the field.

49 B.R. at 296.

In *In re Arkansas Company, Inc.,* 55 B.R. 384 (D.N.J.1985), *aff'd,* 798 F.2d 645

(3d Cir.1986) (*Arkansas* ), a recent decision rendered by the District Court for the District of New Jersey, and affirmed by the Third Circuit, the court considered the issue of nunc pro tunc orders. Judge Herbert Stern, writing for the District Court, affirmed a bankruptcy court order which denied a motion to retain attorneys for an Unsecured Creditors' Committee nunc pro tunc. In so doing the District Court unequivocally rejected the notion that the Bankruptcy Code and the holding in *In re Hydrocarbon Chemicals, Inc.*, 411 F.2d 203 (3d Cir.), *cert. denied*, 396 U.S. 823, 90 S.Ct. 66, 24 L.Ed.2d 74 (1969), preclude bankruptcy judges from granting nunc pro tunc motions for employment approval.

The District Court in *Arkansas* acknowledged that the structure of the Bankruptcy Code, as well as the *Hydrocarbon* decision, strongly disfavor any action which reduces the court's control over the attorneys practicing before it. However, the District Court in *Arkansas* concluded that neither the Bankruptcy Code nor the *Hydrocarbon* decision prohibit a court from granting approval of an attorney's appointment retroactively. In so concluding, the District Court in *Arkansas* relied upon the Fifth Circuit opinion of *Matter of Triangle Chemicals, Inc.*, 697 F.2d 1280 (5th Cir. 1983), and the decision of *In re Freehold Music Center*, 49 B.R. 293 (Bkrtcy.D.N.J. 1985).

In *Arkansas*, attorneys who were skilled in bankruptcy law and familiar with the Bankruptcy Code, were selected to be attorneys for the Unsecured Creditors' Committee in a Chapter 11 proceeding. Due to an "oversight," the attorneys failed to obtain court approval of their employment until 15 months after they began working for the Creditors' Committee. 55 B.R. at 385. In applying the test set forth in *Freehold Music* regarding nunc pro tunc approval of professionals, the District Court in *Arkansas* determined that the "equities simply do not fall in the [attorney's] favor." 55 B.R. at 386. Additionally, the District Court in *Arkansas* determined that retroactive approval of professionals' employment should only be granted if the party seeking the approval demonstrates that it will otherwise be subject to extraordinary hardship which is not of its own making. *Id.*

The District Court in *Arkansas* noted that a nunc pro tunc order may not be entered where an attorney, through his or her own negligent failure, did not timely obtain a court order approving his or her employment. Furthermore, the District Court noted that if such orders were readily granted, the bankruptcy court's control over attorneys practicing before it and over bankruptcy estates would be reduced. This control, the District Court stated, "is at the heart of the statutory scheme enacted by Congress, and is not to be tampered with lightly." 55 B.R. at 386.

Judge Sloviter, writing for the Third Circuit Court of Appeals in *In re Arkansas Company, Inc.*, 798 F.2d 645 (3d Cir.1986), distinguished the holding of *In re Hydrocarbon Chemicals, Inc.*, 411 F.2d 203 (3d Cir.), *cert. denied*, 396 U.S. 823, 90 S.Ct. 66, 24 L.Ed.2d 74 (1969), from the case of *Arkansas*. The Third Circuit noted that, at the time *Hydrocarbon* was decided, there was not a provision in the Bankruptcy Act which authorized the employment of an attorney for the attorney for the debtor. Accordingly, the Circuit Court concluded that, in *Hydrocarbon*, there was a reason for the disallowance of attorney's fees apart from the fact that the attorney failed to obtain court approval of his employment. *Arkansas*, 798 F.2d 645, 647–48 (3d Cir. 1986). In *Arkansas*, the Third Circuit held that a bankruptcy court may grant nunc pro tunc approval of a professional's employment where extraordinary circumstances exist, and where the equities weigh in the favor of the professional. In so holding, the Third Circuit in *Arkansas* noted that, "bankruptcy courts have traditionally been governed by equitable principles rather than statutory technicalities." *Arkansas*, 798 F.2d 645, 648 (3d Cir.1986).

The Circuit Court in *Arkansas* cautioned that nunc pro tunc approval should be limited to cases in which approval would have

been granted had timely application been made, and where the delay in seeking approval was due to a hardship which was not within the professional's control. *Arkansas*, 798 F.2d 645, 649–50 (3d Cir.1986). The Third Circuit expressly noted, however, that:

> It does not follow that such retroactive approval should be forthcoming merely because the court would have given approval if timely requested. Such a lenient rule would subvert Congress' purpose in imposing a prior approval requirement. We have previously characterized the requirement of prior approval of employment as a means of ensuring 'that the court may know the type of individual who is engaged in the proceeding, their integrity, their experience in connection with work of this type, as well as their competency concerning the same.'

*Arkansas*, 798 F.2d 645, 648 (3d Cir.1986) (quoting *In re Hydrocarbon Chemicals, Inc.*, 411 F.2d 203, 205 (3d Cir.), *cert. denied*, 396 U.S. 823, 90 S.Ct. 66, 24 L.Ed.2d 74 (1969)). The Circuit Court in *Arkansas* noted that the Bankruptcy Code requires court approval of a professional's employment to be obtained prior to the date the professional commences rendering services. Furthermore, the Circuit Court noted that the Bankruptcy Code also requires approval of professionals' compensation after services are rendered. The Third Circuit set forth the following test to be employed in determining whether to grant a nunc pro tunc application:

> the bankruptcy court may grant retroactive approval only if it finds, after a hearing, that it would have granted prior approval, which entails a determination that the applicant satisfied the statutory requirements of 11 U.S.C. §§ 327(a) and 1103(a) that the applicant be disinterested and not have an adverse interest, and that the services performed were necessary under the circumstances. Thereafter, in exercising its discretion, the bankruptcy court must consider whether the particular circumstances in the case adequately excuse the failure to have

sought prior approval. This will require consideration of factors such as whether the applicant or some other person bore responsibility for applying for approval; whether the applicant was under time pressure to begin service without approval; the amount of delay after the applicant learned that initial approval had not been granted; the extent to which compensation to the applicant will prejudice innocent third parties; and other relevant factors.

*Arkansas*, 798 F.2d 645, 650 (3d Cir.1986).

■ In applying the law as set forth to the facts presently at issue, this court concludes that the law firm of Kasen & Kasen is not entitled to a nunc pro tunc order approving its employment as attorneys for the debtor. Accordingly, the applicant is not entitled to compensation for services rendered in connection with the debtor's bankruptcy estate prior to January 6, 1986, the date this court authorized the employment of the firm.

In applying the balancing of equities test set forth by Judge Gindin in *Matter of Freehold Music Center, Inc.*, 49 B.R. 293 (Bkrtcy.D.N.J.1985), *cited with approval in, In re Arkansas Company, Inc.*, 55 B.R. 384, 386 (Bkrtcy.D.N.J.1985), *aff'd*, 798 F.2d 645, 650 (3d Cir.1986), it is clear that the equities do not weigh in Kasen & Kasen's favor. Mr. Kasen was responsible for obtaining a timely order appointing the law firm of Kasen & Kasen attorneys for the debtor. Whether he has in the past obtained nunc pro tunc approval, and whether the secretary who ordinarily prepares the applications for appointment was absent, are irrelevant to this court's decision. Likewise, the fact that the applicant's services were beneficial to the debtor's estate is immaterial to this court's decision regarding nunc pro tunc approval of employment. The bankruptcy rule requiring timely court approval of the employment of the attorneys for the debtor is clear, and the burden of obtaining such approval is exclusively upon the attorney providing services to the debtor and the debtor's estate. Mr. Kasen, as a seasoned

bankruptcy attorney is, or should be, aware of the rules governing the practice of bankruptcy law.

Furthermore, pursuant to the decision in *In re Arkansas Company, Inc.*, 55 B.R. 384 (D.N.J.1985), *aff'd*, 798 F.2d 645 (3d Cir.1986), a prerequisite element of nunc pro tunc approval, is that the applicant must demonstrate that, if the application is denied he or she will suffer extraordinary hardship which is not of the applicant's own making. Mr. Kasen has failed in this regard, as he alone is responsible for his firm's predicament. The *Arkansas* case also directs that a nunc pro tunc order may not be entered where an attorney, through his or her own negligent failure, did not timely obtain an order approving his or her employment. As stated by the *Arkansas* court, "a negligent failure to file a paper with a court is easy to allege and hard to disprove." 55 B.R. at 386. This is precisely what has occurred in the matter presently before the court. Were this court to follow Mr. Kasen's suggestion and reduce, rather than deny his firm's fees, such a holding would condone the violation of the rule requiring court approval of the employment of attorneys, and thereby would diminish this court's control over the attorneys practicing before it. Additionally, to invoke the harmless error rule as urged by Kasen & Kasen would violate these strong policy considerations.

Finally, it must be noted that this court's maintenance of control over the attorneys practicing before it is critical and, "is at the heart of the statutory scheme enacted by Congress, and is not to be tampered with lightly." *Arkansas*, 55 B.R. at 386. To grant the application presently before the court would create a precedent which weakens this court's control over attorneys practicing before it.

Accordingly, the applications presently before the court are hereby denied. Since the applicant has obtained an order from this court prospectively authorizing its employment, the retainer held by the applicant may be held by it until further order of this court.

An order shall be submitted in accordance with this decision.